## Richmond.

### HILL v. COMMONWEALTH.

January 21st, 1892.

1. CRIMINAL PROCEEDINGS—*Witnesses for commonwealth.*—The prosecution is not bound to call every witness present at the transaction which is the subject of the indictment.

2. IDEM—*Rule.*—It is for the commonwealth's attorney to say what witnesses he will call. If there be any material witness not called by him, defendant may call him. It is, however, in the discretion of the trial judge to call any witness present at the transaction, or whose name is on the indictment; and the witness, not being the witness of either party, may be examined or cross-examined by both sides.

3. IDEM—*Instructions.*—Though an instruction correctly propounds the law, yet if it be irrelevant to the issue;

HELD:

   Not error to refuse to give it.

Error to judgment of the circuit court of Fauquier county, rendered on the 6th day of July, 1891, in vacation, affirming a judgment of the county court of that county, in a prosecution against the plaintiff in error for feloniously shooting Fannie Owens, with intent to wound, disfigure, etc.

It appears that on the day of the shooting, the prisoner became involved in an altercation on the streets of Warrenton, which resulted in blows, seeing which the mayor of the town, John R. Spilman, commanded the peace. The prisoner not promptly obeying the order, Spilman attempted to arrest him, whereupon he fled, pursued by Spilman and others. After running some distance he turned and fired a pistol in the

direction of his pursuers, the ball taking effect in the arm of Fannie Owens, a colored girl, who was standing on a porch near by.

At the trial the prosecution closed its case without calling Fannie Owens, whereupon the prisoner moved that the attorney for the commonwealth be compelled to call her as a witness, she being present in the court-room at the time, which motion was overruled and the prisoner excepted.

There was a verdict of guilty and sentence accordingly. Other facts are stated in the opinion.

*A. D. Payne* and *R. R. Campbell*, for plaintiff in error.

*Attorney-General R. Taylor Scott*, for defendant in error.

LEWIS, P., delivered the opinion of the court.

Objection is made to the refusal of the trial judge to compel the girl, Fannie Owens, to be called as a witness for the commonwealth, on the broad ground that the prosecution is bound to call every witness present at the transaction which is the subject of the indictment.

But we do not concur in this view. Such has not been the practice in Virginia, nor can the rule contended for be maintained upon principle. The name of the girl was not on the indictment as a witness, nor is this a case of homicide. The contention, therefore, goes even further than the rule established in England, where the rulings of the courts in matters of this sort have been very liberal to the accused, owing largely, no doubt, to the fact that not until recently have persons indicted in that country had the unrestricted right to be represented by counsel—a reason that has never existed with us.

Usually, both in England and in this country, the prosecutor calls all the witnesses on the back or at the foot of the indictment; but there is no positive rule in a case like the present

requiring it. Roscoe accurately lays it down as a rule deducible from the English decisions, in cases other than cases of homicide, that although the prosecutor was never in strictness bound to call every witness whose name is on the back of the indictment, yet it is usual to do so in order to afford the prisoner an opportunity to cross-examine them; and that if the prosecutor will not call them, the judge, in his discretion, may. But the prosecutor, he says, ought to have all such witnesses in court, so that they may be called for the defence, if they are wanted for that purpose. If, however, he adds, they are called for the defence, the person calling them makes them his own witnesses. 1 Rosc. Crim. Ev., 139, citing *Rex* v. *Simmonds*, 1 Car. & P. 84; *Rex* v. *Whitbread, Id.* 84 (n.); *Rex* v. *Bodle,* 6 *Id.* 186; *Reg.* v. *Woodhead,* 2 Car. & K. 520; *Reg.* v. *Cassidy,* 1. F & F. 79.

In the subsequent case of *Reg.* v. *Edwards,* 3 Cox, C. C., 82, the rule, if not modified, was, in one particular at least, stated more guardedly. In that case, which was an indictment for forgery, Mr. Justice Erle, before whom the case was tried, denied an application on the part of the prisoner's counsel to have all the witnesses on the back of the bill called for the Crown, that he might have an opportunity of cross-examining them, saying: "There are, no doubt, cases in which a judge might think it a matter of justice so to interfere; but, generally speaking, we ought to be careful not to overrule the discretion of counsel, who are, of course, more fully aware of the facts of the case than we can be."

In cases of homicide the English rule, as the author above mentioned says, is that every witness who was present at the transaction ought to be called for the Crown, whether their names are on the back of the indictment or not. The leading case on this point is *Reg.* v. *Holden,* 8 Car. & P. 606. In that case it appeared that the fatal blow was struck in the presence of the wife of the deceased and his daughter. The name of the latter was not on the back of the indictment, and she was taken to the assizes by the other side. The widow was called

as a witness for the Crown, but the prosecutor announced his intention not to call the daughter, whereupon Patteson, J., observed :

" She ought to be called ; she was present at the transaction. Every witness who was present at a transaction of this sort ought to be called, and, even if they give different accounts, it is fit that the jury should hear their evidence, so as to draw their own conclusions as to the real truth of the matter."

The daughter was then called and examined.

A similar rule has been recognized in Michigan. There it is held that in cases of homicide, and in other cases where analogous reasons exist, those witnesses who were present at the transaction, or who can give direct evidence on any material branch of it, should always be called by the prosecution, unless, possibly, where too numerous. *Hurd* v. *People*, 25 Mich. 406 ; *Weller* v. *People*, 30 *Id.* 16. But it is believed that in no other state in the Union has the rule been carried to this extent.

Wharton, indeed, states the rule in pretty much the same terms. The prosecution, he says, is usually bound to call all the attainable witnesses to the transaction under examination. Nor does he expressly confine the rule to cases of homicide, and he qualifies it only by saying that this is not necessary when it would produce an oppressive accumulation of proof. Whart. Crim. Ev. (9th ed.), § 448. He cites besides the English and Michigan cases, *State* v. *Smallwood*, 75 N. C. 104; *State* v. *Magoon*, 50 Vt. 338, and *Winsett* v. *State*, 56 Ind. 26.

The last-mentioned case is reported in 57 Indiana, and is in fact an authority against the author's position, as is *Keller* v. *State*, 123 Ind. 110. The Vermont case does not touch the question, and the North Carolina case is fully in accord with the earlier case of *State* v. *Martin*, 2 Ired. 101, to be mentioned presently.

We cannot, therefore, without considerable qualification, approve the rule as laid down by this writer. Indeed, not only has such a rule of practice never prevailed in Virginia,

but the great weight of American authority, and, we may add, the better reason, is opposed to it.

The English rule was distinctly repudiated in *State* v. *Martin, supra,* in an able opinion by Chief-Justice Ruffin, in the course of which he said :

" The position that the state is bound to examine all the persons who were present at the perpetration of the fact, or to examine on the trial all witnesses who had been sent to the grand jury, has neither principle nor practice in this state to support it. The persons present are not the witnesses of the law like persons who have attested a will. It is in the discretion of the prosecuting officer, as of any private suitor, what witnesses he will call. He examines such as he deems requisite to the execution of the public justice. If others can shed more light on the controversy, or place it in a new point of view, it is competent to the prisoner to call them."

In the *Smallwood Case, supra,* this doctrine was reaffirmed with emphasis. It was there declared to be settled that the prosecutor is the sole judge of what witnesses he will call. It was added, however, that it does not follow that the jury cannot consider his omission to call witnesses who were present at the transaction, and draw from it any reasonable inference, though this remark, it was said, was not meant to imply that ordinarily any inference adverse to the state may be drawn from such omission.

In *Morrow* v. *State,* 57 Miss. 836, the question was whether the state was bound in a murder case to call all the witnesses whose names were on the back of the indictment, and it was held that it was not. The court, however, seemed to be of opinion that the judge may in his discretion compel the prosecutor to call witnesses present at the transaction, not voluntarily called by him, if in attendance or easily attainable, where the interests of justice require it.

In *Bressler* v. *People,* 117 Ill. 422, which was a case of larceny, the Supreme Court of Illinois say : " Under our practice the

people are not compelled to introduce all the witnesses whose names are on the back of the indictment. If they fail to do so, and the defendant introduces a witness whose name is thus endorsed, he becomes his witness."

The same view was taken in *State* v. *Eaton*, 75 Mo. 546. "We see no reason," said the court in that case, "why the state's attorney, acting under his official oath, and as much bound, as the representative of the state, to protect the innocent as to bring the guilty to justice, should not be left to his discretion as to what number and character of witnesses he will call for the state to prove an alleged crime against the accused."

To the same effect is *Eason* v. *State*, in the Supreme Court of Tennessee, 17 Am. Law Reg. (N. S.) 315. In that case the state, having closed its case without calling the only witness present at the homicide in question, the defendant moved that the state be compelled to call him for cross-examination by the defendant, but the motion was overruled, and this ruling was affirmed. The court, after referring to and disapproving *Hurd* v. *People*, 25 Mich. 406, said it could see no reason why the state should be compelled to make out its case by the introduction of any particular witness, or to call all the witnesses present at the transaction; that if the state fails to call a material witness, the defendant may call him, and thus get the facts before the jury.

The question was also considered in *State* v. *Cain*, 20 W. Va. 679, and the rule laid down by Chief-Justice Ruffin in *State* v. *Martin* fully approved.

The recent case of *Selph* v. *State*, 22 Fla. 537, although cited by the prisoner's counsel in the present case, is in conformity with these authorities. The court in that case concludes a discussion of the subject in these words: "Our conclusion is that the counsel prosecuting for the state cannot be compelled to call all the witnesses who were present at the time of the commission of an offence, or all whose names are on the indictment. We do not deny, however," it was added, "the right

of the presiding judge, when prompted by sound discretion, to call and examine witnesses of his own accord, when the interests of justice demand it, whether the witnesses be for or against the state, and in such a case to permit counsel on both sides to cross-examine such witnesses.

We have thus reviewed the authorities, not because we entertain any doubt on the subject, but because of the importance of the question as a matter of practice, and because it has not heretofore been passed on by this court.

It is obvious that the rule contended for by the prisoner would, if adopted, lead to very serious results in the administration of justice. If the prosecuting attorney were bound to call all attainable witnesses present at the transaction, he might often be compelled to introduce witnesses unworthy of credit, and yet not be permitted to impeach them. He might be unwittingly compelled to call confederates of the defendant, and thus by his own evidence win an easy victory for the accused at the expense of justice.

We think the true rule is this: That it is for the representative of the commonwealth to say what witnesses he will call, and that this discretion ought not to be interfered with. If there be any material witness not called by the prosecution, the defendant may call him, and he is entitled, under the fundamental law of the state, to process to compel the attendance of witnesses, and to the benefit of counsel. It is, however, in the discretion of the trial judge to call any witness who was present at the transaction, or whose name is on the indictment, not called by the commonwealth, and when so called the witness may be examined or cross-examined by both sides, he not being the witness of either party. But this discretion ought to be very cautiously exercised. Whether in any case a refusal to exercise it would be a reversible error, it is not necessary for the purposes of the present case to decide. All we now decide is that there was no error in the refusal to compel the attorney for the commonwealth to call Fannie Owens as a

witness for the prosecution, and that the exception to this ruling is not well taken.

Nor was there error in refusing to instruct the jury as to the law on the subject of arrests. The instruction offered was not relevant to the case. The charge in the indictment was felonious shooting, not for unlawfully resisting arrest. Hence, what took place between Spilman and the prisoner before the shooting had nothing to do with the issue to be tried; and an irrelevant instruction, though abstractly right, ought not to be given. *Vawter's Case,* 87 Va. 245.

There was also a motion for a new trial, which was refused. Not much stress, however, is laid upon this point by counsel, and it is enough to say, in regard to it, that we find nothing in the record to warrant a reversal of the judgment pronounced by the learned judge who presided at the trial, and who saw the witnesses and heard them testify. The rule on this subject is well settled and familiar. *Read's Case,* 22 Gratt. 924; *Gravely's Case,* 86 Va. 396.

JUDGMENT AFFIRMED.