Filed October 10, 1895.

---

No. 17,441.

PFAFFENBACK v. THE LAKE SHORE AND MICHIGAN SOUTHERN RAILWAY CO.

RAILROAD.—*Evidence.—Passenger Ticket, System of Issuing and Selling.—Number.—Date.*—Evidence that defendant railway company, which was sued for personal injuries alleged to have been received on a specified train, had a system of issuing and selling tickets by consecutive numbers, of stamping thereon the dates of their sale, and for the return and preservation of tickets canceled by conductors, and that the tickets returned as sold at the place where plaintiff's ticket was bought and dated on the day in question were

taken up by other conductors than the one with whom plaintiff claimed to have ridden—is admissible to show that he was not on such train.

NEW TRIAL.—*Cause For.*—*Evidence as Upon Discovery.*—*Medical Examination.*—*Order of Court.*—Alleged errors in requiring plaintiff to give testimony before the trial as upon discovery, and to submit to a medical examination out of court before the trial, are not "errors of law occurring at the trial," which may be presented on motion for a new trial.

SAME.—*Newly Discovered Evidence.*—"*Faulty Memory.*"—A new trial for newly discovered evidence is properly refused, where the only excuse for failing to obtain such evidence on the trial was the applicant's faulty memory.

INSTRUCTION TO JURY.—*Railroad.*—*Passenger.*—*Necessary Proof.*— An instruction requiring it to appear by a fair preponderance of the evidence, that plaintiff was a passenger, and not a trespasser, on defendant's train, to entitle him to recover, is proper, where the pleadings make such theory possible, if he was upon defendant's train, and the evidence shows that he was not seen by the conductor and other trainmen who would have had opportunities to see him if he had been openly on the train.

SAME.—*Rejected Offer to Prove.*—An instruction that the jury should not consider as evidence mere offers to make proof, which offers are rejected, is properly refused.

SAME.—*As to Consideration of Evidence by Jury.*—An instruction that the burden of proof is upon plaintiff to establish his cause of action by a preponderance of the evidence, and that in determining on which side the preponderance lies, the jury may consider the conduct and demeanor of the witnesses, their opportunities for knowing, their interest or lack of interest in view of all the "other evidence, facts and circumstances" proved on the trial; and from all these "circumstances" determine where the preponderance lies— is not misleading as limiting their inquiry to the "circumstances."

From the St. Joseph Circuit Court.

*H. C. Dodge* and *J. A. Hibberd*, for appellant.

*G. C. Greene, O. G. G. Danner, F. E. Baker* and *C. W. Miller*, for appellee.

HACKNEY, J.—The appellant sued the appellee, claiming damages for personal injuries alleged to have been received by him while a passenger upon the appellee's train, and from the appellee's negligence in permitting said train to collide with another train standing upon an

open switch.    Upon a trial by jury, there was a verdict for the appellee. The only error assigned in this court is the action of the trial court in overruling the appellant's motion for a new trial. There are eight alleged errors discussed: 1. The sufficiency of the evidence to sustain the verdict. 2. Ordering the appellant to give testimony prior to the trial, as upon discovery. 3. Requiring the appellant to submit to a medical examination out of court, and before the trial. 4. Refusal of an instruction to disregard evidence offered and excluded. 5 and 6. Instructions given. 7. Newly discovered evidence. 8. Admitting evidence of the manner in which the appellee charged its tickets to local offices, the registry of numbers, the report of sales by numbers, the return and preservation of used tickets, etc.

The appellant's evidence, that he was a passenger on the occasion of the collision, was practically but his own unsupported testimony, while the appellee sought to contradict this by the evidence of several, who were on board the train, were well acquainted with the appellant, and had opportunities to have seen him if on board, that they did not see him. There were contradictions as to the number of persons in the coach in which he claimed to have been, and there was evidence that the only tickets sold from his station to Chicago, his destination, and return, were punched and taken up by conductors other than Harris, who was in charge of the train upon which appellant claimed to have been a passenger. There was evidence impeaching and supporting the appellant's character, and there were various circumstances as to delay in suing, and as to withholding the knowledge of his injuries, etc. It will be seen, therefore, that the case, upon the evidence, was one peculiarly for the jury, and that we cannot reconsider it.

The second and third alleged errors could not have

been "errors of law occurring at the trial," and were, therefore, not presentable upon motion for a new trial. *City of New Albany* v. *White*, 100 Ind. 206; *Cates* v. *Thayer*, 93 Ind. 156; *Reed* v. *Spayde*, 56 Ind. 394. As said in the last cited case: "It is obvious that a new trial would not correct such an error; for after a new trial was granted, the error would stand in the record the same as before."

The appellant's instruction numbered one, which was refused by the court, was to the effect that the jury should not consider as evidence mere offers to make proof, such offers having been rejected. The question here presented is like that in *Grand Rapids etc., R. R. Co.* v. *Horn*, 41 Ind. 479, where the trial court refused to charge that "the jury should, without regard to the parties, look alone at the evidence, and render such a verdict as, in their judgment, the evidence may require, without prejudice, partiality or favor." Of that charge this court said: "There are some things that must be taken as true in judicial as well as other investigations. We think it fair to presume that jurors in any part of the State of Indiana are sufficiently intelligent to know that their duty, when sworn as such, requires them to decide the case according to the evidence, and without prejudice, partiality, or favor, and that the court cannot be said to have committed an error in not reminding them of that duty." To have been obliged to charge as requested, would have been equivalent to a requirement that the court should have reminded the jurors that they had been sworn to render their verdict according to the evidence. Instructions are designed to advise the jurors of the law of such issues as are presented by the pleadings, and are not to admonish them that they should not violate their oaths.

The court's third. instruction was, that "these aver-

ments and denials present the issue which you are to determine from the evidence. The averments of the complaint are affirmative allegations, and the law imposes upon the plaintiff the necessity of proving them by a fair preponderance of the evidence before he can recover, and in determining upon which side the preponderance of the evidence is, the jury should take into consideration the opportunities of the several witnesses for knowing the things about which they testify, their conduct and demeanor while testifying, their interest or lack of interest, if any, in the results of the suit, the probability or improbability of the truth of their several statements in view of all the other evidence, facts and circumstances proved on the trial, and, from all these circumstances, determine upon which side is the weight or preponderance of the evidence." Counsel for the appellant say : "This instruction is misleading. From the context of the whole instruction, it is clear that the average juror had excluded from his mind the necessity of employing the 'evidence' and 'facts' as a means of determining upon which side the weight or preponderance of the evidence was, and that they were restricted to a consideration of the 'circumstances' as being the basis upon which they should determine upon which side was the weight or preponderance of the evidence, and were not to weigh the evidence and facts as well as the circumstances in coming to that conclusion." This objection, if we comprehend it, is that the court denied the jury the right to consider the "evidence and facts," in determining which side had presented a preponderance of the evidence, and that such inquiry was limited to the "circumstances." As we understand the instruction, the objection made is not tenable. It combines the two rules, that the burden rests upon the plaintiff to establish his cause of action by a preponderance of the

evidence (not of the circumstances), and in ascertaining where the preponderance of the evidence (not circumstances) lies, the jury should pass upon the credibility of the witnesses, considering the tests given, "in view of all the other *evidence, facts, and circumstances proved* on the trial, and, from all these circumstances, determine upon which side is the weight or preponderance of the *evidence*" (not circumstances.) There is no affirmative limitation upon the duty of the jury to consider the evidence, in considering the two rules mentioned. Nor is there implied, from the phrase "from all these circumstances," that the evidence should not supply a proper basis of consideration. "Circumstance" is defined as "An event; a fact; a particular incident." See Webster's International Dictionary. The word does not imply that events, facts and incidents arise outside of the evidence and disconnected from the trial.

The fifth instruction given, and of which the appellant complains, is as follows: "In order to entitle the plaintiff to recover in this action, it must appear, by a fair preponderance of the evidence, that he was, at the time of the injury, if any, a passenger on defendant's train of cars, and not a trespasser. If he was a trespasser, he cannot recover, and you should find for the defendant."

It is urged that this charge is not within any theory of the case. On the pleadings the appellee's denial made possible the theory that, if appellant was upon the train, he was a trespasser, and not a passenger. From what we have said of the evidence, it will be seen that if appellant was upon train without a ticket, and without having been seen by the conductor and other trainmen, who had opportunities to have seen and to have known him, if in the coach, and not in hiding, the theory that his injury, if any, arose while a trespasser, was possible upon the evi-

dence.   This view is, of course, the most favorable construction which the jury could have given the evidence from the appellee's standpoint, and this view (the burden resting upon the appellant to make the error manifest) we are required to accept.

The next proposition is that arising out of the refusal of a new trial upon the alleged newly discovered evidence.   At the trial it was an issue of first importance as to whether, on the evening of December 6, 1889, the appellant had purchased a ticket for Chicago, and had taken the appellee's train for that city from the city of South Bend.   It was also important, as a corroborative fact, that the appellant was upon a returning train on December 7, 1889, and, further, that he was ill when he returned to his home on that day.   These facts, or supposed facts, were within the appellant's knowledge, and he gave testimony upon them.   His alleged newly discovered evidence is from one who on and after the 6th day of December, 1889, was employed by, and lived at the house of, the appellant; one who, as appellant now remembers, had walked with, and remained in the company of, the appellant to appellee's station, on the occasion of the alleged purchase of the ticket, and saw him procure the ticket and depart upon the train; one who observed him upon the returning train, and who saw that appellant was ill when he returned to his home, and knows that he remained in his bed for three days.

That the appellant did not produce, at the trial, a witness so important, cannot be due to any other cause than forgetfulness, if the alleged evidence is true.   Here was an inmate of his own household, at the time in question, a person who accompanied appellant in the most important transaction connected with the trip, and met him and attended him upon his return.   The first and most natural source of information, and yet the

discovery is not made until after verdict. It does not appear that inquiry was made of this witness, and no excuse is offered for the failure to do so, excepting a faulty memory. That one forgets that which it is his duty to remember, cannot be offered to excuse neglecting that duty, is manifest. In motions of this kind, such diligence must be shown as will "strongly, clearly, and satisfactorily" excuse the failure to bring forward the evidence upon the trial. *Morrison* v. *Carey*, 129 Ind. 277, and cases there cited. Such diligence was not shown by the appellant.

Finally it is insisted that the trial court erred in permitting the appellee's auditor to testify to the system of issuing and selling tickets by consecutive numbers, of stamping upon them the dates of their sales, and of the return and preservation of tickets used and cancelled by conductors, and that the tickets returned as sold and dated on the day in question, were not taken up by the conductor with whom the appellant claimed to have ridden, but by others.

The importance and value of this evidence will be seen by an illustration: Suppose that tickets from South Bend to Chicago and return, numbered 1, 2, 3, 4, and 5, are sent to the South Bend agent. In the course of the company's business the five tickets are returned to the auditor, with the dates of sales stamped upon them, and bearing the peculiar punch marks of the conductors who received them. Suppose that the only tickets stamped of the date of December 6, 1889, came back to the auditor and took their places in the consecutive numbers, and that one of them contained the punch mark of the conductor with whom the appellant claimed to have ridden. Would not such facts corroborate and lend strength to the appellant's claim that he was a passenger upon that particular train? Most manifestly.

And, if the returned tickets, all in proper order, had shown that they were punched by conductors who were in charge of trains, other than the train upon which the appellant claimed to have been a passenger, the circumstance would have been as strong in favor of the appellee's theory, that appellant was not a passenger upon the particular train. The principal objections to the evidence, in the circuit court, were that it was hearsay and was irrelevant. We think that the evidence was competent, especially when taken in connection with the tickets produced.

We find no error for which the judgment should be reversed, and it is therefore affirmed.

Filed October 10, 1895.