### Hess *v.* State of Indiana.

[No. 23,982.    Filed February 1, 1922.    Rehearing denied April 21, 1922.]

1. CRIMINAL LAW. — *Conviction for Violation of Prohibition Law.—Imprisonment at State Farm.— Validity.—Statutes.—* Where, in a prosecution for violation of the Prohibition Law (Acts 1917 p. 15, §8356a *et seq.* Burns' Supp. 1918), the jury returned a verdict of guilty, and, in addition to imposing a fine in a named amount, found that defendant should be imprisoned in the county jail for thirty days, it was not error for the court to render judgment that the term of imprisonment be served at the Indiana State Farm, in view of §9926h Burns' Supp. 1921, Acts 1919 p. 81, giving the court discretion to commit a convicted person, whose sentence is thirty days or less, to jail or to the state farm, so that the denial of defendant's motion to modify the judgment as to the state farm was not improper. p. 55.

2. CRIMINAL LAW.—*Prosecution under Prohibition Law.—Evidence Seized wii..out Search Warrant.—Admissibility.—Search with Defendant's Consent.*—In a prosecution for violation of the Prohibition Law (Acts 1917 p. 15, §8356a et seq. Burns' Supp. 1918), where the alleged offense was committed in the presence of the arresting officers, the introduction in evidence of the glasses, pitcher, and bottle of whisky taken at the time defendant was arrested without a search warrant, was not error, especially where defendant gave the officers permission to make a search of the premises. p. 55.

3. INTOXICATING LIQUORS.— *National Prohibition Law.— Effect on State Prohibition Law.*— Under the Constitution of the United States, Amendment Eighteen, providing that Congress and the several states shall have concurrent power to enforce the amendment, the national Prohibition Law (41 Stat. at L. 305) does not supersede or annul §§4, 20 of the state Prohibition Law (Acts 1917 p. 15, §8356a et seq. Burns' Supp. 1918.) p. 55.

4. INTOXICATING LIQUORS.—*Eighteenth Amendment to Constitution of United States.—Effect upon Police Power of States.*— The Eighteenth Amendment to the Constitution of the United States does not abridge or abrogate the police power reserved by the states by the Tenth Amendment, so as to render invalid the state Prohibition Law (Acts 1915 p. 15, §8356a et seq. Burns' Supp. 1918.) p. 57.

From Vigo Circuit Court; *John B. Jeffries,* Judge.

Prosecution by the State of Indiana against Frank R. Hess. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Walker & Cox,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* for the state.

TRAVIS, J.—This was a prosecution by affidavit which charges the appellant by count 1, with violating §20; and by count 2, with violating §4, Acts 1917, commonly known as Prohibition Law. Acts 1917 p. 15, §8356a et seq. Burns' Supp. 1918.

Upon the issue formed by a plea of not guilty to the charge, the jury returned the verdict of guilty, and that appellant be fined in the sum of $200 and costs, and

imprisoned in the county jail for thirty days. The court rendered judgment in accordance with the verdict, except that instead of sentencing appellant to serve thirty days in the county jail, the judgment was to serve thirty days upon the Indiana State Farm. After judgment, appellant filed his motion for a new trial based upon thirty-three alleged errors; and also filed his bill of exceptions to present two instructions given by the court, upon which he predicated error; and thereupon also filed his motion in arrest of judgment. The motions for a new trial and arrest of judgment were overruled and exceptions taken.

The facts in the case as given in evidence in support of the offenses charged were, that appellant was the owner of the building where persons were permitted to resort for the purpose of drinking intoxicating liquors, and wherein such liquors were charged to have been sold and given away. One part of the building was used for a restaurant, and was operated by appellant. Another room connected with the restaurant was used for a barroom. Upon the evening of the alleged offense a stranger to appellant entered the building and went to the barroom, and stepped up to the bar, and asked the "boys" who were standing behind the bar, to give him something to drink. One of them behind the bar filled a glass with white-mule whiskey and set it on the bar, during which time a plain-clothes policeman entered the barroom, and said to the bar tenders, "Give me one," and one of the bar tenders gave him also a glass of white-mule whiskey. The plain-clothes policeman entered the barroom as a part he was to play in a raid made by the police. The policeman paid for his glass of whiskey with a dollar bill and received no change. Some conversation passed between the two who had ordered the drinks, and as the plain-clothes policeman was about to put his hand on the glass poured for him, appellant

came up behind him and the policeman noticing and believing appellant to be reaching for his gun, drew his own and showed his police star.   After the policeman drew his gun, one of the bar tenders behind the bar drew an automatic gun and held it on the policeman who had his back to him.   At this time, policemen at the front and rear of the building, who had noted the operations by looking through windows, entered, and appellant, upon their entrance, declared it was a "frame up." The officers went immediately to get such physical evidence as they could, by seizing the vessels which contained the liquor, and other articles, and found the pitcher from which the white-mule whiskey was poured into the two glasses, in the rinsing water in a receptacle behind the bar, and upon recovering it, smelled of it, and testified that the pitcher, as well as the glasses obtained, and the rinsing water, smelled of white-mule whiskey.   There were several other persons in the barroom, all of whom were arrested, and, with the pitcher and glasses and the bottle containing the white-mule whiskey that had been poured into it from the glasses, were taken to the police station.   At the time the police were seizing the pitcher and glasses, appellant demanded to know their authority for making a search, and asked the officers to produce a search warrant, and demanded of the officers that they read the search warrant, and afterward told them to go ahead and make the search; which they did. There was evidence of other sales there that night. One witness got two or three drinks after some conversation with appellant, in which conversation appellant first denied that he had anything to drink; and later he told the fellow it was all right, to come back with him, and he poured out white-mule whiskey in a glass and handed it to the witness, who paid for it.   There was evidence that appellant was owner, manager, and operated both the restaurant and the barroom, which evidence was dis-

puted by appellant and one who was acting as barkeeper, to the effect that the one who was acting as barkeeper held a lease from appellant to use the room as a soft drink barroom.

Four errors of law were assigned:   (1) In overruling appellant's motion for a new trial; (2) in overruling appellant's motion in arrest of judgment; (3) in overruling appellant's motion to modify judgment; (4) that the facts stated in the affidavit do not constitute a public offense.

Of the errors pointed out in the motion for a new trial, an attack is made upon two instructions to the jury; and that the verdict is contrary to law, and, is not sustained by sufficient evidence; and to the introduction of evidence in violation of the eleventh section of the Bill of Rights.   The first instruction complained of rests upon the proposition of law that the statutes upon which the affidavit is based is invalid, in that such statutes were superseded by United States Constitution, Amendment Eighteen; and to the second and fourth assignments of error.

Instruction No. 17 is admonishing in character, and is complained of for the reason that it "gives undue prominence to the importance of conviction and puts the importance of convicting a guilty person ahead of the importance of acquitting an innocent one." Admonishing instructions are of a class with narrow limitations. *Pfaffenback* v. *Lake Shore, etc., R. Co.* (1895), 142 Ind. 246, 249, 41 N. E. 530.   This instruction is composed of parts of two instructions heretofore passed upon by this court with approval, and the giving of this instruction was not error.   *Stout* v. *State* (1883), 90 Ind. 1, 13; *Hinshaw* v. *State* (1897), 147 Ind. 334, 385, 47 N. E. 157.

The third error assigned, which is based upon the

overruling of the motion to modify the judgment, has no merit. Section 8, Acts 1913 p. 660, as amended, Acts 1919 p. 81, §9926h Burns' Supp. 1921, disposes of this question. *Graves* v. *State* (1921), 191 Ind. 197, 132 N. E. 369.

1.

At the trial appellant objected to the introduction of certain evidence which tended to identify the pitcher, glasses and bottle of whiskey, and to the exhibits themselves as evidence, without the appellee first having shown by competent evidence that such exhibits had been taken under authority of a search warrant in due form. The evidence showed that the crime was committed in the presence of the officer. The officer had the right to take or seize the pitcher, glasses and whiskey, under such circumstances, without any search warrant; but this does not necessarily control in this case, because of the fact that appellant told the officers to "go ahead and search." The several rulings of the trial court upon objections by appellant to questions and exhibits offered in evidence were not erroneous.

2.

Under the second and fourth assignments of error, and under certain causes for a new trial, appellant attacks the constitutionality of §§4 and 20, Acts 1917 p. 15, *supra*. The point is made that, the National Prohibition Act (more commonly known as the Volstead Act), 41 Stat. at L. 305, superseded the law upon which this prosecution is based, for the reason that the police power upon which the Indiana act is predicated (§1, Acts 1917 p. 15, *supra*), was by the Constitution of the United States, Amendment Eighteen, wrested from the several states.

3.

It is sufficient to answer this contention by reference to the case of *Rhode Island* v. *Palmer* (1920), 253 U. S. 350, 40 Sup. Ct. 486, 64 L. Ed. 946 (popularly known as National Prohibition Cases), and other cases

consolidated with it, wherein the Supreme Court of the United States, speaking by Mr. Justice Van Devanter, said:

"7. The second section of the Amendment—the one declaring 'The Congress and the several States shall have concurrent power to enforce this article by appropriate legislation'—does not enable Congress or the several States to defeat or thwart the prohibition, but only to enforce it by appropriate means.

"8. The words 'concurrent power' in that section do not mean joint power, or require that legislation thereunder by Congress, to be effective, shall be approved or sanctioned by the several States or any of them; nor do they mean that the power to enforce is divided between Congress and the several States along the lines which separate or distinguish foreign and interstate commerce from intrastate affairs.

"9. The power confided to Congress by that section, while not exclusive, is territorily coextensive with the prohibition of the first section, embraces manufacture and other intrastate transactions as well as importation, exportation and interstate traffic, and is in no wise dependent on or affected by action or interaction on the part of the several States or any of them."

By authority of this opinion it is held that the National Prohibition Act does not supersede and annul §§4 and 20, Acts 1917 p. 15, *supra.*

Act 1917 p. 15, *supra,* was declared valid by this court, in so far as its provisions were brought into question, prior to the enactment of the National Prohibition Act. *Schmitt, Supt.,* v. *Cook Brewing Co.* (1918), 187 Ind. 623, 120 N. E. 19, 3 A. L. R. 270.

Judgment affirmed.

ON PETITION FOR REHEARING.

TRAVIS, J.—On petition for rehearing, appellee takes the position that the opinion fails to decide the question in the case, which is "to the effect of said 18th Amendment upon liquor laws of this state, which were in force at the time of the adoption of said amendment," and "that the 18th Amendment to the Constitution of the United States superseded and nullified sections 4 and 20 of chapter 4 of the Acts of 1917, Indiana, independently of the Volstead Act;" and maintains that the case cited in the opinion of *Rhode Island* v. *Palmer* (1920), 253 U. S. 350, 40 Sup. Ct. 486, 64 L. Ed. 946, does not decide the question.

It is contended most earnestly by appellant in his petition for rehearing that §2 of the Eighteenth Amendment must be considered as prospective in its application to legislation, and that it contemplated, and authorized, and conferred the express power upon the several states to legislate in aid of the enforcement of §1 of the Eighteenth Amendment, and at the same time displaced and withdrew from the several states that inherent power known as the police power, and substituted therefor, by §2 of the amendment, a delegated power.

The police power, reserved by the state, by Amendment 10, United States Constitution, is neither abridged nor abrogated by Amendment 18, United States Constitution. *Commonwealth* v. *Vigliotti* (1921), 75 Pa. Superior Ct. 366, Id., 271 Pa. 10, 115 Atl. 20. Therefore the foundation for the act, Acts 1917 p. 15, §8356a *et seq.* Burns' Supp. 1918 (the inherent police power of the state), was not by the Eighteenth Amendment of the United States Constitution, withdrawn.

Appellant's question thus resolves itself into the form whether said Acts 1917 p. 15, *supra,* so construed violates the federal Constitution. This question has been

most concisely answered by the United States Supreme Court at the October term 1921, in the case *Vigliotti* v. *Commonwealth* (1922), 258 U. S. 403, 42 Sup. Ct. 330, 66 L. Ed. 686, in which opinion, *Rhode Island* v. *Palmer, supra,* (National Prohibition cases) is cited to sustain the point.

Petition denied.