## LINDLEY *v.* STATE OF INDIANA.

[No. 24,989.   Filed January 25, 1927.]

1. CRIMINAL LAW.—*Instruction setting out indictment in full but instructing jury that it should not consider part alleging a previous conviction, which had been struck out, was not error.*—In a prosecution for selling intoxicating liquor, where the indictment alleged a sale and a prior conviction, but the part charging the previous conviction had been dismissed, it was not error to give an instruction setting out the indictment *in haec verba* but instructing the jury that it should not consider the part in reference to the second conviction, in view of an instruction stating that the indictment was no part of the evidence.   p. 19.

2. INTOXICATING LIQUORS.—*Instruction that if jury found that defendant had sold, etc., intoxicating liquor, without stating to whom, held erroneous.*—In a prosecution for selling, bartering, exchanging, giving away, furnishing and disposing of intoxicating liquor in violation of §4 of the Prohibition Law of 1917 as amended in 1923 (Acts 1923 p. 70), an instruction that the jury could convict the defendant if it had been proved beyond a reasonable doubt that he had either sold, bartered, exchanged, given away, furnished or disposed of intoxicating liquor, without stating to whom, was erroneous.   p. 21.

3. CRIMINAL LAW.—*Incorrect instruction cannot be cured by giving a correct instruction.*—An erroneous instruction cannot be cured by the giving of a correct instruction on the same subject, but the error can only be obviated by withdrawing the erroneous instruction from the jury.   p. 21.

4. CRIMINAL LAW.—*Error in giving an instruction as to the evidence necessary to convict not cured by a general instruction that all material elements of the crime must be proved.*—An instruction authorizing the jury to convict the defendant if it found that he had sold, bartered, exchanged, given away, furnished or disposed of intoxicating liquor, without stating to whom, was not cured by another instruction stating that it was necessary that all the material elements of the crime as charged in the indictment must be proved beyond a reasonable doubt to sustain a verdict of guilty.   p. 21.

5. CRIMINAL LAW.—*Instruction held erroneous because irrelevant.*—In a prosecution for violating §4 of the prohibition law of 1917 as amended in 1923 (Acts 1923 p. 70), an instruction which included the latter part of the amending section relative to the penalty for a second or subsequent conviction was erroneous where the part of the indictment alleging a former conviction had been struck out on motion of the prosecuting attorney.   p. 22.

6. CRIMINAL LAW.—Instructions should adhere closely to the issues and the evidence which relates thereto, and should be applicable to the case on trial.   p. 22.

7.  CRIMINAL LAW.—An instruction purporting to direct the jury as to its duty not to consider the failure of the defendant to testify, based on cl. 4 of §2267 Burns 1926, was disapproved.  p. 23.

8.  CRIMINAL LAW.—An instruction which constituted an argumentative admonition of the jury in favor of. a strict enforcement of the criminal law was disapproved.  p. 23.

From Delaware Circuit Court; *Clarence W. Dearth,* Judge.

Ralph Lindley was convicted of selling, bartering, exchanging, giving away, furnishing and disposing of intoxicating liquor in violation of Acts 1923 p. 70, and he appeals.  *Reversed.*

*J. T. Walterhouse* and *Thomas V. Miller,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *Fred C. Gause,* for the State.

TRAVIS, J.—This action is a prosecution against appellant upon an indictment returned in the Delaware Circuit Court, which charges that appellant did feloniously and unlawfully sell, barter, exchange, give away, furnish, and dispose of intoxicating liquor to Sherman G. Parton contrary, etc.  Acts 1923 p. 70.  The trial resulted in a verdict of guilty by the jury, which imposed a fine of $500 and imprisonment for six months at the Indiana State Farm.  This appeal is from the judgment upon the verdict, and is prosecuted upon questions of law which are presented by the motion for a new trial, and are based upon the giving of instructions to the jury over the objection of appellant; and questions of law relating to the evidence; none of which alleged errors depend upon the facts of the case, or the evidence in relation thereto, in so far as the question of the evidence being sufficient to sustain the verdict; hence no statement of facts is necessary, and none is made.

Appellant's first proposition is the alleged error of the court in giving instruction No. 1.  The indictment not only alleged the sale, etc., of intoxicating liquor, but it also alleged that the defendant had there-

tofore been convicted in the city court of the city of Muncie, of violating the Prohibition Law enacted in 1917.   Before the beginning of the trial, the court sustained, without objection by appellant, the appellee's motion to dismiss so much from the indictment as alleged a former conviction of the defendant for violating the Prohibition Law.   This instruction set out the indictment *in haec verba*, but separated it into two parts; the first, that which charged the offense, and the second, that which alleged a former conviction.   The instruction was, that the jury were only to consider the first part of the indictment, and not to consider the second part, which had been dismissed.   The court by another instruction informed the jury that they would have the indictment with them during their deliberations, but that it was no part of the evidence, and was to be considered by them only as a guide to know what offense was charged against the defendant, and admonished the jury again not to consider that part of the indictment which charged a former conviction.   Appellee's motion to dismiss that part of the indictment, and the action thereon, was no part of the trial of the case upon its merits before the jury, and the jury did not know officially that this order had been made by the court, except by way of instruction; and inasmuch as the jury was to have the indictment before it during its deliberations, it could not harm the defendant for the jury to be instructed of this action by the court in dismissing a part of the indictment, which part so dismissed was not for it to consider in reaching a verdict.   Facing the fact that defendant did not object to the action of the court sending the indictment with the jury to use as a guide during its deliberations, the instruction was favorable to the defendant.   The defendant acquiescing in the jury having the indictment during its deliberations, the giving of this instruction was not error.

Appellant's second proposition is that the court erred in giving to the jury instruction No. 2. By this instruction the court told the jury that it was unnecessary for the state to prove each one of the particular acts charged, which are that the defendant sold, and that he also bartered, and that he also gave away, etc.; but that if it was proved beyond a reasonable doubt to the satisfaction of the jury that the defendant either sold or that he bartered or that he gave away intoxicating liquor, etc., without stating to whom, either one of which of the particular things had been proved beyond a reasonable doubt, this was sufficient upon which to base a verdict of guilty, as charged in the indictment. This is a specific instruction. It is claimed by appellant that the instruction failed to name all of the material elements of the crime necessary to be proved. The infirmity of this instruction is boldly apparent. If proof without doubt and contradiction of the element of the offense named in this instruction were made, the jury could not possibly follow it to a conviction and render justice. Of course, the proof of a sale, or of any of the statutory ways of disposing of intoxicating liquor, was not the sole or only material element of the crime as here charged, and a verdict of guilty should not stand upon the proof of the element of the crime, stated in the instruction. The question now presents itself, whether this instruction might be cured by a correct one, which stated that, to wit: it was necessary that all the material elements of the crime, as charged in the indictment, must be proved beyond a reasonable doubt, to sustain a verdict of guilty. It is in irreconcilable conflict with an instruction which stated the law correctly. The error made in giving a specific erroneous instruction which is in irreconcilable conflict with another which stated the law correctly is not cured or obliterated thereby. An instruction, whether spe-

cific or general, which states something which is not law, can be obliterated only by being entirely withdrawn from the jury. This instruction constitutes reversible error. *Rahke* v. *State* (1907), 168 Ind. 615 (7 and 8), 81 N. E. 584; *Trogdon* v. *State* (1892), 133 Ind. 1, 10, 32 N. E. 725; *Heyl* v. *State* (1887), 109 Ind. 589, 10 N. E. 916; *Clem* v. *State* (1869), 31 Ind. 480, 483.

Appellant's third proposition is that the court erred in giving to the jury instruction No. 4. To plainly show the infirmity, the following is quoted from the beginning of the instruction: "This indictment is based upon the following law, . . . and the part applicable to this case reads as follows": The instruction, after stating the minimum fine and the maximum imprisonment, which has relation to the indictment, continues, and quotes to the jury that part of the statute which pertains to imprisonment and fine upon a second or subsequent conviction. (§1, Acts 1923 p. 70) The latter part of the instruction here referred to belies the statement at the beginning of the instruction, to wit: "the part applicable to this case reads as follows." The latter part of this instruction, which related to the penalty upon a second or subsequent conviction, was neither relevant to the material elements of the crime, as pleaded, or to the evidence. The part which concerned a second or subsequent conviction had no proper place among the instructions. An instruction which has no application to the issues or the evidence is improper. This rule applies to criminal as well as to civil cases. The use of instructions is to aid the jury. The instructions should adhere closely to the issues and the evidence which relates thereto. They should be concrete. An abstract instruction dissipates the attention of the jury which is due the issue and the evidence in relation thereto. In this case it was harmful, because it introduced an ele-

ment wholly foreign to the issue. It was error. *Gross v. State* (1917), 186 Ind. 581 (10), 117 N. E. 562; *Evansville, etc., Co.* v. *Guyton* (1888), 115 Ind. 450, 457, 17 N. E. 101, 7 Am. St. 458; *Tyner* v. *Stoops* (1858), 11 Ind. 22, 28, 71 Am. Dec. 341; *Perley* v. *Cambridge* (1915), 220 Mass. 507, 513, 108 N. E. 494, L. R. A. 1915E 432; *Hill* v. *Commonwealth* (1892), 88 Va. 633, 14 S. E. 330, 29 Am. St. 744.

Instruction No. 13, complained of by defendant, is subject to the same criticism and rule of law as instruction No. 2.

Appellant's fourth proposition is that the court erred in giving instruction No. 11. This instruction is based upon part four §2267 Burns 1926, but it fails 7. to state the rule as provided by this statute. Its infirmity is more than being merely incomplete. If the instruction may be approved, under the rule that it is good as far as it goes, the jury, during its deliberations might give full heed to it, and withal, violate the statute with impunity. The instruction is disapproved and ought not to have been given in its incomplete form.

Appellant's fifth proposition is that the court erred in giving instruction No. 12. This instruction is devoted solely to an argumentative admonition in 8. favor of a strict enforcement of the criminal law. It states no rule of law. It neither pertains to the issues for trial in this case, nor is it applicable to any evidence. It had no legal place in the instructions to the jury. It cannot be said that it might not work to the injury of the defendant. It is disapproved. *Hess* v. *State* (1922), 192 Ind. 50, 54, 133 N. E. 880 (1); *Partlow* v. *State* (1920), 191 Ind. 660 (2), 128 N. E. 463; *Scherer* v. *State* (1919), 188 Ind. 14 (10), 121 N. E. 369.

The other alleged errors are unlikely to occur at a retrial of the case. The instructions mentioned which

were given to the jury over the objection of the de-' fendant were erroneous. Overruling the motion for a new trial was error.

It is ordered that the motion for a new trial be sus-· tained. Judgment reversed.