## Richmond

OTIS HUNT DAVIS v. COMMONWEALTH OF VIRGINIA.

April 22, 1974.

Record No. 730567.

Present, All the Justices.

*(Samuel T. Patterson, Jr.,* on brief), for plaintiff in error.

*(Andrew P. Miller, Attorney General; Wilburn C. Dibling, Jr., Assistant Attorney General,* on brief), for defendant in error.

Case submitted on briefs.

Per Curiam.

On March 28, 1973 the trial court entered final judgment upon the jury's verdict finding Otis Hunt Davis (defendant) guilty of murder of the first degree and fixing his punishment at life in the penitentiary. Defendant, who pleaded not guilty by reason of insanity, challenges the trial court's refusal to grant an irresistible impulse instruction.

The evidence showed that defendant, in an unprovoked attack, stabbed and killed Gene Smith as he sat on a stool at the counter of the Greenleaf Cafe. Medical expert witnesses testified that defendant was not feebleminded or psychotic but was subject to grand mal

seizures or psychomotor seizures; that during a grand mal seizure the victim loses consciousness, cannot respond to outside stimuli, and his bodily movements are random, jerky and uncoordinated; and that during a psychomotor seizure the victim "is in a dream-like state" and has "severed all the bridges of communication with his environment", does not know the difference between right and wrong, is unable to control himself, and cannot resist his impulses.

Upon defendant's plea of legal insanity, the trial court granted the customary "right and wrong" instruction. But defendant argues that the killing was the result of an irresistible impulse occurring while he was suffering a grand mal or psychomotor seizure and that the trial court erred in refusing an additional instruction based on that theory. We disagree.

None of the medical expert witnesses testified that a person suffering a grand mal or psychomotor seizure is able to distinguish right from wrong; but, evidence of a defendant's capacity to make such a distinction is a prerequisite to an irresistible impulse instruction.

"The irresistible impulse doctrine is applicable only to that class of cases where the accused is able to understand the nature and consequences of his act and knows it is wrong, but his mind has become so impaired by disease that he is totally deprived of the mental power to control or restrain his act." *Thompson* v. *Commonwealth,* 193 Va. 704, 718, 70 S.E.2d 284, 292 (1952).

The refused instruction, assuming it was a correct statement of the law, was therefore irrelevant and "an irrelevant instruction, though abstractly right, ought not to be given." *Hill* v. *Commonwealth,* 88 Va. 633, 640, 14 S.E. 330, 332 (1892).

Since the "right or wrong" instruction is predicated on the *incapacity* of a defendant to distinguish right from wrong and the "irresistible impulse" instruction is predicated on the *capacity* to make such a distinction, different evidence is required to support each instruction. Since there was no evidence to support a finding that a person suffering a grand mal or psychomotor seizure has such capacity, the trial court did not err in refusing defendant's instruction, and the judgment is

*Affirmed.*