No. 16,366.

## BLAKER v. THE STATE.

CRIMINAL LAW.—*Information, Quashing of.*—The fact that an information does not allege that the court was in session when it was filed, and does not refer to the affidavit filed as the source of the prosecutor's information, is no ground for quashing the information under section 1759, R. S. 1881.

SAME.—*Right of Jury to Determine the Law.*—*Instruction.*—In a prosecution for larceny of a horse, an instruction that "You * * * are the judges of the law as well as of the facts. You can take the law as given and explained to you by the court, but, if you see fit, you have the legal and constitutional right to reject the same, and construe it for yourselves. Notwithstanding you have the legal right to disagree with the court as to what the law is, still you should weigh the instructions given you in the case as you weigh the evidence, and disregard neither without proper reason,"—is a correct statement of the law.

SAME.—*Possession of Stolen Horse.*—*Instructions.*—In such prosecution it. is error to instruct that if defendant at one time had the horse in his possession, and afterward abandoned or left it, and does not account for or explain how he honestly came into possession of it, such facts, if proven beyond a reasonable doubt, raise the presumption that the defendant stole the horse; and that, in such case, if defendant does not in some reasonable way explain his possession to the satisfaction of the jury, the presumption of guilt becomes conclusive.

From the Greene Circuit Court.

*W. W. Moffett* and *C. E. Davis,* for appellant.

*W. C. Hultz,* for the State.

McBRIDE, J.—The appellant was charged with the larceny of a horse. He was prosecuted on information and convicted. Two errors are assigned :

1st. That the court erred in overruling a motion to quash the information.

2d. That the court erred in overruling a motion for a new trial.

The court did not err in overruling the motion to quash. The only ground upon which the appellant argues that this motion should have been sustained is, that the information

contains no statement that court was in session when it was filed, and does not refer to the affidavit filed as the source of the prosecutor's information. We find it unnecessary to pass upon either question thus suggested. Even if it were admitted that the information was defective by reason of the omission of these averments, or either of them, the question does not arise on a motion to quash.

Section 1759, R. S. 1881, prescribes the grounds upon which a motion to quash an indictment or an information may be based, and the objections urged to the information before us do not fall within its terms.

The first and second reasons upon which a new trial was asked are : 1st. That the verdict was contrary to law, and 2d. That the verdict was not sustained by sufficient evidence. Of these we will only say that in view of the uniform practice of this court, if no other reason for a new trial was assigned, we would not reverse the judgment.

The third and fourth reasons for a new trial are based on alleged errors in instructions given. The instructions given were thirty-two in number. The appellant insists that all except eleven, which were given on his motion, were erroneous. We will only notice three of them—No. 4, given by the court on its own motion, and Nos. 25 and 26, given on motion of the prosecuting attorney. No. 4 is as follows :

"You, gentlemen, in this case, are the judges of the law as well as of the facts. You can take the law as given and explained to you by the court, but, if you see fit, you have the legal and constitutional right to reject the same, and construe it for yourselves. Notwithstanding you have the legal right to disagree with the court as to what the law is, still you should weigh the instructions given you in the case as you weigh the evidence, and disregard neither without proper reason."

This instruction is fully sustained by *Anderson* v. *State,* 104 Ind. 467, and is correct on principle.

The Constitution gives to juries in criminal cases the

right to *determine* the law as well as the facts. It does not, however, give to them the right to *disregard* the law. To aid them in correctly determining the law, it is made the duty of the court to instruct them. They have no more right in determining the law to disregard and ignore the court's instructions arbitrarily and without cause than to disregard and ignore the evidence, and determine the facts arbitrarily and without cause.

The twenty-fifth and twenty-sixth instructions are as follows:

" No. 25. If the defendant at one time had the stolen property or mare in his possession in this case, and afterward abandoned or left such mare, and does not account for or explain how he honestly came into possession of her, such facts, if they be proven beyond a reasonable doubt in this case, raise the presumption that the defendant stole said mare.

" No. 26. If you find in this case, beyond a reasonable doubt, that the defendant at one time had the stolen property or mare in his possession in this case, and left or abandoned her, and does not in some reasonable way explain to your satisfaction the possession of said mare, the presumption *of guilt becomes conclusive.*"

The exclusive possession of stolen property soon after the larceny, if unexplained, raises a presumption that the person in whose possession it is found is guilty of the larceny. Gillett Crim. Law, section 553; *Smathers* v. *State*, 46 Ind. 447; *Galvin* v. *State*, 93 Ind. 550; *Turbeville* v. *State*, 42 Ind. 490; *Hall* v. *State*, 8 Ind. 439; *Engleman* v. *State*, 2 Ind. 91; *Jones* v. *State*, 49 Ind. 549.

The presumption thus raised is a presumption, or rather an inference, of fact, and not a legal presumption. *Smith* v. *State*, 58 Ind. 340.

That is, the courts can not say, because of such possession and want of explanation, that as a question of law the accused must be deemed guilty, but the jury are authorized to

consider such evidence as tending to show guilt, and, the larceny being shown, the circumstances connected with such possession and want of explanation may be sufficient to make, the question of guilt, as a question of fact, conclusive and sufficient in and of themselves to justify conviction.

The length of time that must elapse after the larceny of goods before their possession should cease to be considered as tending, with other facts, to show guilt, is, as a rule, purely a question of fact for the jury. Naturally, the shorter the time the stronger the inference, but the weight of such inference must be determined by the jury.

The presumption of guilt does not arise from the mere possession of the property, but from such possession *after* it has been stolen, coupled with the absence of explanation, or of any thing tending to show that such possession is or may be consistent with honesty. Waiving any question of mere verbal criticism or inaccuracy in the two instructions, they are not correct statements of the law.

They both assume that the mare was in fact stolen. This was error. *Jackman* v. *State*, 71 Ind. 149 ; *Smathers* v. *State*, *supra;* *Barker* v. *State*, 48 Ind. 163 ; *Killian* v. *Eigenmann*, 57 Ind. 480.

In terms, they would both apply equally to a possession of the mare, before or after the time of the alleged larceny ; nor do they make any note of the nearness of the possession to or its remoteness from the time of the alleged larceny ; so that the jury are informed that an unexplained possession of stolen property, which may have been long removed in point of time from the larceny, not only *may*, but *does*, raise the presumption that the accused stole it. Of the assumption that the mare was stolen, it is said that on the trial the fact that she was stolen was not controverted. That fact was controverted by the plea of not guilty. A defendant may, undoubtedly, by a formal admission, or by the adoption of a given line of defence, justify the court in assuming the existence of material facts put in issue by that plea. Thus, a

Blaker *v*. The State.

defendant charged with homicide, who defends alone on the ground of self-defence or of insanity, may thus justify the court in assuming in instructions to the jury that he did the act charged.

Here, however, the record shows no admission, and discloses no other facts justifying the assumption. The defence of an *alibi*, urged by the accused, did not necessarily involve any admission that the mare was stolen.

The twenty-sixth instruction is especially objectionable. It imposes upon the accused the necessity of explaining his possession of the mare *to the satisfaction of the jury*—failing in which the jury is told the presumption of his guilt becomes conclusive. This is plainly erroneous. Assuming that the jury find the mare was, in fact, stolen; that soon thereafter she is found in the possession of the accused; and that he attempts to explain, or account, for such possession, but his explanation is not satisfactory, yet *is* sufficient to create in the minds of the jury a reasonable doubt,—in such case he should be acquitted. His explanation may be very unsatisfactory, and fall far short of convincing the jury; yet if, after hearing and weighing it, they entertain a reasonable doubt of his guilt, they should acquit.

We are supported in the conclusions above stated by the following additional authorities, with many others: *Bailey* v. *State*, 52 Ind. 462; *Howard* v. *Sate*, 50 Ind. 190; *Clackner* v. *State*, 33 Ind. 412; *Way* v. *State*, 35 Ind. 409.

The fifth reason assigned for a new trial was a ruling of the court on evidence offered by the appellant. We consider it unnecessary to further notice this question, or the questions presented on the other instructions given, than to say that, except in the giving of instructions numbered twenty-five and twenty-six, we find no error in the record.

Because of the error in the two instructions referred to the judgment is reversed, and the circuit court is directed to grant the appellant a new trial.

Filed Jan. 26, 1892.