## HUBBARD *v.* STATE OF INDIANA.

[No. 24,576.   Filed April 24, 1925.]

1. INTOXICATING LIQUOR.—*In prosecution for possession with intent to give away, etc., a tendered instruction was erroneously refused relating to the mere possession of liquor.*—In a prosecution for possessing liquor with intent to give away, furnish or dispose of same and for unlawfully disposing thereof, instructions were given which set out the language of the affidavit, the statute (Acts 1923, ch. 23, p. 70, §1), and pointing out that the questions for determination were whether defendant had possession of the liquor and whether he disposed of it as charged; the court refused a tendered instruction which quoted the statute and instructed that the statute did not make the mere possession of liquor unlawful; *held* this refusal was error in view of the defendant's evidence that no liquor was given away or furnished by defendant.   p. 140.

2. INTOXICATING LIQUOR.—*Possession with intent to sell not a crime under Act of 1923.*—Mere possession of intoxicating liquor whether with or without an intent to give it away was not a public offense at any time in 1923 after the act of 1923, ch. 23, p. 70, went into effect in February.   p. 141.

3. INTOXICATING LIQUOR.—*Furnishing liquor means to supply for another's use.*—To "furnish" liquor to another, as used in Acts 1923, ch. 23, p. 70, §1, means to supply it for another's use.   p. 141.

4. INTOXICATING LIQUOR.—*Evidence considered and held not to prove that liquor was "furnished."*—In a prosecution for possession of liquor with intent to give away, furnish or otherwise dispose of the same, and such disposing thereof, if defendant did not give intoxicating liquor to another, but merely poured

out a little liquor in a glass for the inspection of another, who then threw it away, he was not guilty on the theory that the liquor was "otherwise furnished." p. 141.

5. CRIMINAL LAW.—*Instructions considered and held to invade province of jury.*—An instruction given by the court which states that moonshine whisky is an intoxicating liquor, and that moonshine whisky has been offered in evidence, and then refers to "this whisky," and "this liquor" and "such liquor," invades the province of the jury, amounting to an instruction that the liquor introduced in evidence was the same which witnesses saw appellant giving away, and that it was intoxicating. p. 142.

6. CRIMINAL LAW.—*Instructions invade the province of jury, when assuming proof of a material fact.*—In giving instructions the court should not assume that any material fact in issue has been established by the evidence, the jury being the sole judges of the facts proved. p. 142.

7. CRIMINAL LAW.—*An instruction that certain evidence limited as to competency may be considered by the jury in reaching their verdict, is erroneous.*—An instruction that evidence of difficulty and hard feeling between the defendant and certain witnesses for the state, was admitted for the purpose of showing bias, prejudice or feeling, and might be considered by the jury along with all the other evidence in the cause to aid them in arriving at the truth, is erroneous, as such evidence is only competent on the credibility of the witnesses and the weight of their testimony. p. 142.

8. CRIMINAL LAW.—*Instruction to consider and weigh instructions and evidence, in connection with instructions to reconcile conflicts, is erroneous.*—An instruction to the jury to weigh the instructions as they weigh the evidence, and disregard neither without proper reason, given in connection with the direction to reconcile conflicts in the evidence so as to believe all the testimony, if they could, amounts to a limitation of the constitutional right of the jury to determine the law and the facts, as guaranteed in Art. 1, §19, Constitution (*Anderson* v. *State*, 104 Ind. 467, distinguished; *Blaker* v. *State*, 130 Ind. 203, disapproved, so far as in conflict). p. 143.

9. CRIMINAL LAW.—*Instruction concerning presumption of innocence is erroneously refused if not already covered.*—An instruction that defendant is presumed to be innocent until proved guilty beyond a reasonable doubt, which presumption prevails until the close of the trial, and the jury should weigh the evidence in the light of this presumption and reconcile evidence therewith, if possible, is erroneously refused if the directions are not contained in other given instructions. p. 144.

From Franklin Circuit Court; *E. Ralph Himelick,* Special Judge.

Milford P. Hubbard was convicted of a violation of the prohibition law and he appeals. *Reversed.*

*Estel G. Bielby* and *R. L. Ewbank,* for appellant.

*U. S. Lesh,* Attorney-General, *Arnet B. Cronk* and *Carl Wilde,* for the State.

PER CURIAM.—Appellant was convicted of an alleged violation of the Prohibition Law. Overruling his motion for a new trial is assigned as error. The affidavit on which the prosecution was based alleged that on May 14, 1923, at Franklin county, Indiana, appellant "did then and there unlawfully keep and have in his possession intoxicating liquor with intent then and there to give away, furnish and otherwise dispose of said intoxicating liquor to E. K. and   *   *   *   did unlawfully give away, furnish and otherwise dispose of intoxicating liquor to E. K. contrary," etc. The undisputed evidence was that four persons went up into a darkened room, on the second floor of an office building, and looking from its windows watched appellant in conference with E. K. in his law office directly across the street; that there were curtains of some white material (not lace) at appellant's windows, but when the lights were turned on in his room and it was dark outside the watchers could see appellant and E. K.; that appellant took a bottle out of a drawer in his desk, poured out some liquid and drank it, and that he offered some to his companion. But the evidence was in conflict on the question whether or not E. K. drank any of the liquid. Two of the witnesses for the state testified only to seeing appellant drink and then offer some to his companion, but did not say that the latter accepted and drank it; and E. K. and appellant both testified that a small quantity was poured out for his inspection, and

that after having smelled of it he poured it into the spittoon, and that he did not drink any; while two other witnesses for the state testified that they saw E. K. refuse once, but that a few minutes before such refusal they had seen him drink from a glass into which appellant had poured something from the bottle. A search warrant being obtained, a bottle was found in appellant's desk containing what witnesses said was "moonshine whisky," and this bottle and its contents were introduced in evidence. And appellant admitted on the witness stand that his bottle contained "moonshine."

The giving of each of certain instructions and the refusal to give each of certain others is complained of. As applied to the foregoing evidence the trial court gave an instruction that set out the language of the affidavit, quoted above, including the charge that appellant "kept and had in his possession intoxicating liquor with intent to give away," etc., and told the jury they might take the affidavit to the jury room. And it also gave one which recited the statute, 200 words long, on which the prosecution was based, beginning with the words (our italics) "It shall be unlawful for any person to manufacture, transport, *possess,* sell, barter, exchange, *give away, furnish or otherwise dispose of* intoxicating liquor, except as in this act provided." §1, Acts 1923 p. 70. And gave another which contained the following language: "The questions for you to determine are as follows: Did the defendant Milford P. Hubbard, have possession of this liquor as alleged in the affidavit? And did he give to E. K. or otherwise dispose of to E. K. any such liquor?" And notwithstanding the defendant duly and properly requested that an instruction (No. 2) be given which set out that part of the

1.   statute declaring it unlawful to manufacture, transport, possess, sell, barter, exchange, give away, furnish or otherwise dispose of intoxicating liq-

uor, and continued: "I further instruct you that said act does not make the mere possession of intoxicating liquor unlawful; and if you find from the evidence introduced in this cause, that on the 14th day of May, 1923, the defendant did have in his possession intoxicating liquor, and you do find from the evidence that he drank some of the same, and you further find that he did not give any of said intoxicating liquor to E. K., as alleged in the affidavit herein, then I instruct you that your verdict should be for the defendant," the court refused to give such instruction. Mere possession of

2. intoxicating liquor whether with or without an intent to give it away was not a public offense at any time in 1923, after the statute under which appellant was prosecuted took effect on February 26. *Smith* v. *State* (1924), 194 Ind. 686, 144 N. E. 471.

But the instructions given were so framed as to carry an intimation that proof of such possession with the intent charged would justify a finding of guilty, and no instruction expressly declaring the contrary was given.

A number of the instructions given clearly intimated that the appellant might be found guilty if the jury found that he "furnished" intoxicating liquor to E. K., while at the same time the court refused to instruct

3. that the verdict should be for the defendant if the jury found that he "did not give any intoxicating liquor to E. K." The expression to "furnish" intoxicating liquor to another, as used in the statute, means to supply it for his use. *Banks* v. *State* (1919), 188 Ind. 353, 356, 123 N. E. 691. And the only evidence which tended to prove that appellant was guilty of that offense was testimony that

4. he gave E. K. a drink of liquor which he poured out into a glass and E. K. drank. If the jury believed from the evidence that appellant did not give any intoxicating liquor to E. K. but that he merely

poured out a little liquor in a glass for inspection, to show its bad quality, and that it was then thrown into a cuspidor, as the witnesses for the defense testified, they were not justified in returning a verdict of guilty on any theory that liquor was "otherwise furnished." In view of the state of the evidence and the other instructions given, it was error to refuse to give appellant's requested instruction No. 2.

The court also gave an instruction (No. 4) stating that moonshine whisky is an intoxicating liquor, that "in this case certain liquid called moonshine whisky has been offered in evidence," and then referring to "this whisky," "this liquor," and twice to "such liquor," in propounding the question to be decided by the jury and in stating what must be proved in order to convict. This invaded the province of the jury, amounting to an instruction that the liquor introduced in evidence was the same which witnesses testified they saw appellant giving away, and that it was intoxicating. In giving instructions the court should not assume that any material fact in issue has been established by the evidence, the jury being the sole judges of the facts proved. *Michael* v. *State* (1912), 178 Ind. 676, 680, 681, 99 N. E. 788; *Burrows* v. *State* (1894), 137 Ind. 474, 475, 477, 37 N. E. 271, 45 Am. St. 210. As the judgment must be reversed for other reasons, we shall not stop to consider the question whether or not the facts of this case made it harmless error to give the instruction now under consideration.

The court gave an instruction (No. 5) which told the jury that some evidence had been introduced of difficulty and hard feeling between the defendant and certain witnesses for the state, but that the jury were not trying who was right in the matter, and continued: "This evidence is admitted for the

purpose of showing any bias, prejudice or feeling that may exist between the defendant and the witnesses who have testified, and can be considered by you along with all the other evidence in this cause to aid you in arriving at the truth." This was error. The evidence referred to was only competent on the question of the credibility of witnesses shown to be affected by such ill feeling, and the weight of their testimony.

The ill feeling of witnesses toward appellant could have no bearing on the truth or falsity of the charges against him, as related to the question of his guilt or innocence. And such an instruction to consider evidence that ill feeling existed between the defendant and certain witnesses, along with all the other evidence, to aid in arriving at the truth, was misleading. *Monongahela River, etc., Co.* v. *Hardsaw* (1907), 169 Ind. 147, 151, 81 N. E. 492; *Cincinnati, etc., R. Co.* v. *Little, Admr.* (1921), 190 Ind. 662, 131 N. E. 762, 765.

After instructing the jury that they had the right, under the Constitution, to determine the law as well as the facts in the case, the court continued as follows (No. 13): "Notwithstanding you have the legal right to disagree with the court as to what the law is, still you should weigh the instructions in this case as you weigh the evidence, and disregard neither without proper reason." And in the next instruction it told them that it was the duty of the jury, if they could reasonably do so, to reconcile conflicts in the evidence so as to believe all the testimony of all the witnesses. A direction to weigh the instructions as they weighed the evidence, given in connection with the direction to reconcile conflicts in the evidence so as to believe all the testimony, if they could, amounted to a limitation of the constitutional right of the jury to determine the law and the facts. The language of the Constitution (Art. 1, §19) is that "in all criminal cases

whatever, the jury shall have the right to determine the law and the facts." And while it is the duty of the court to give instructions as to the law of the case, it is error to give instructions in criminal cases which seek to bind the consciences of the jury by imposing restrictions not imposed by the Constitution, in conflict with its express provisions. *Schuster* v. *State* (1912)., 178 Ind. 320, 323, 99 N. E. 422.

In *Blaker* v. *State* (1892), 130 Ind. 203, 29 N. E. 1077, the court said of a similar instruction that it "is fully sustained by *Anderson* v. *State*, 104 Ind. 467, and is correct on principle"; adding that the Constitution gives to juries in criminal cases the right to determine the law as well as the facts, but does not give them the right to disregard the law. But all that the court said in that opinion, and all that was decided by the authority referred to had reference to the direction that the jury should "disregard neither (the instructions or evidence) without reason." It does not appear that the court considered or assumed to pass upon the effect of a direction to weigh the instructions as the evidence was weighed, given in connection with one to believe all the testimony of all the witnesses, if reasonably possible to do so; nor, in fact, does it appear from the report of the case that an instruction had been given as to the manner of weighing the evidence. The instruction under consideration should not have been given, and so far, if at all as *Blaker* v. *State, supra,* may be deemed to sanction giving it, that case is disapproved.

Appellant asked an instruction that "the defendant is presumed to be innocent until proven guilty beyond a reasonable doubt, and this presumption prevails until the close of the trial, and you should weigh the evidence in the light of this presumption, and it should be your endeavor to reconcile all the evidence with this presumption of innocence, if you

can." The instruction, as asked, correctly declared the law. *Farley* v. *State* (1891), 127 Ind. 419, 420, 26 N. E. 898. The court gave instructions which told the jury that the defendant was presumed to be innocent, and that this presumption attended him, step by step, until the contrary was proven beyond a reasonable doubt, and which defined reasonable doubt and stated that a reasonable doubt might arise from lack or insufficiency of the evidence, as well as from the evidence introduced, and that the defendant could not be convicted if any juror, after having heard the evidence and after having consulted with his fellow jurors, still entertained a reasonable doubt of his guilt. But the instructions given did not embody the direction contained in the requested instruction to weigh the evidence in the light of the presumption of innocence, and to endeavor to reconcile all the evidence with the presumption of defendant's innocence, if they could. It was error to refuse to give an instruction covering these points.

Other questions discussed by counsel may not arise when the case is again tried.

The judgment is reversed, with directions to sustain appellant's motion for a new trial.