## WOLF *v.* STATE OF INDIANA.

[No. 24,966.   Filed May 13, 1926.   Rehearing denied October 7, 1926.]

1. AUTOMOBILES.—Evidence stated which was held to sustain conviction of destroying engine number on automobile in violaiton of §10118 Burns 1926, and to warrant the jury in finding that offense was committed in the county alleged in the indictment.   p. 262.

2. CRIMINAL LAW.—*Instruction that "circumstantial evidence is to be regarded by the jury in all cases" did not infringe on defendant's constitutional right to have jury determine the law and the facts.*—Instruction in criminal case that "circumstantial evidence is to be regarded by the jury in all cases" did not infringe on the defendant's constitutional right to have the jury determine the law and the facts, as the Constitution does not preclude the court's instructing the jury as to the law so long as the jurors are left free to determine it for themselves.   p. 266.

3. CRIMINAL LAW.—*Instruction as to inferences to be drawn from circumstantial evidence held inaccurate but harmless.*— An instruction that the jury should draw only those inferences from the circumstances proved which the guarded judgment of a reasonable person ordinarily would make was not accurate, but *held* to be harmless in the connection in which it was given.   p. 266.

4. CRIMINAL LAW.—*Instruction that jury should "weigh the instructions" as it weighed the evidence held incorrect but harmless.*—An instruction that the jury should "weigh the instructions" as it weighed the evidence was incorrect, as a limitation on the right of the jury to determine the law and the facts, but was harmless error where the court gave thirty instructions favorable to the defendant, many of them more favorable than the law would uphold, and the other instructions did not attempt to apply the law to any particular facts.   p. 267.

5. AUTOMOBILES.—*Exclusion of bill of sale held not error.*—In a prosecution for defacing and changing the engine number of an automobile in violation of §10118 Burns 1926, the car having been stolen a short time prior to the alleged alteration, the exclusion of a bill of sale for an automobile of the same make and style as the car whose engine number was changed, but bearing the same engine number as had been substituted, was not error, where the bill of sale showed it was a model for a different year, and defendant failed to identify it as the stolen car on which he was charged with changing the number.   p. 267.

From Delaware Circuit Court; *Clarence W. Dearth,* Judge.

Charles Wolf was convicted of defacing and changing the engine number on an automobile in violation of the statute, and he appeals. *Affirmed.*

*John J. O'Neill, Eichhorn, Gordon & Edris* and *Moran & Gillespie,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *Edward J. Lennon, Jr.,* Deputy Attorney-General, for the State.

EWBANK, C. J.—Appellant was charged by affidavit in one count with unlawfully and feloniously having destroyed, removed, covered, altered and defaced an engine number on an automobile, and in a second count with unlawfully and feloniously having caused those things to be done, at Delaware county in the State of Indiana. He was found guilty on both counts, and judgment was rendered that he be imprisoned for not less than two nor more than fourteen years, and pay a fine of $100. The only error relied on, is overruling appellant's motion for a new trial, under which counsel insist there was no evidence to prove that the alleged change of the engine number was made by appellant, nor that it was made in Delaware county, Indiana; that two of the instructions given by the court were erroneous, and that certain evidence was improperly excluded.

There was evidence that on December 24, 1923, the defendant bought from a dealer in Muncie a 1920 Ford sedan car bearing the motor engine number "4344303"; that on January 1, 1924, he obtained from the secretary of state an automobile license and certificate of registration for a car bearing that engine number, and license plates numbered "13-130"; that on the evening of January 8, 1924, a 1922 Ford sedan car, the engine of which bore the number

"5684732" was stolen from where it was parked on a street in Wabash, Indiana; that early in January, 1924, not long after the Christmas holidays, the 1920 Ford sedan bearing the engine number 4344303 was taken to a public garage in the town of Eaton, in Delaware county, Indiana, and pursuant to an order by defendant the body and top were taken off and put on another car which belonged to defendant's brother-in-law, to whom defendant had sold them; that on the evening of January 18, 1924, defendant was driving the stolen automobile on a street in Muncie; that the engine number—5684732—had been filed off or otherwise removed and the number "4344303" had been cut into the engine block, and the car was carrying the license plates with the number "13-130," and also the "Indiana Motor Vehicle Certificate of Registration" which had been issued to defendant on January 1, 1924, for use on a Ford sedan car bearing the engine number 4344303; and that the chassis, without any body thereon, of the car which originally had borne that number, which defendant had owned when this license and certificate of registration were issued, was then in a private garage in the town of Eaton, still bearing the engine number 4344303, where the workmen at the public garage who dismantled it, at defendant's direction, had put it after taking off the body and top; and that the chassis of said car which originally bore the number 4344303, that defendant had owned when he took out the license, was in such a condition that it could not be run on its own power. There was also evidence that on the day of the trial, by the application of heat from an acetylene torch, and of acid, the figures "56847 2" were made to come out on the engine block of the stolen car found in defendant's possession, witnesses testifying that the next to the last figure in the number where the blank space is left was so mutilated in cutting a new number

on the block that it could not be made out. But the stolen car was identified by many other marks made on it and changes which it had undergone during the two years that the owner had it before it was stolen. It was also proved that the registration certificate for the car bearing the engine number 4344303 named defendant as the owner and gave his address as Muncie, Indiana, at a street number not to be found in Muncie, being the street and number at which his uncle lived in Hartford City. The evidence introduced by the defense was testimony to the effect that the defendant had purchased a Ford sedan car at Chicago six days after the car was stolen at Wabash, being four days before he was found driving it in Muncie, at which time, the car he purchased had no number on the engine block, and that defendant furnished the number of his old car to be put on the engine block of the car he was purchasing, and it was cut thereon by somebody in Chicago before the purchase money was paid. Though nobody identified the car found in defendant's possession as the same one he purchased in Chicago, except as an inference of identity might arise from the fact that it bore the same engine number. The jury was justified in drawing the inference from this evidence which it did draw that the defendant removed the old engine number from the stolen car and caused it to be removed, and that he did this in Delaware county, in the State of Indiana. The verdict was supported by sufficient evidence, and was not contrary to law.

The trial court gave thirty instructions asked by the defendant. These instructions declared the law applicable to every phase of the case as strongly in defendant's favor as a liberal construction of the law would permit, to say the least. The presumption of innocence which attends a defendant was declared nine times,

with strong emphasis and with direct application to the facts in evidence; the necessity of proving his guilt beyond a reasonable doubt in order to convict him was directly declared in emphatic terms eighteen times, and indirectly several times additional; the proposition that if there was any one material element necessary to constitute the crime charged which had not been proved to the satisfaction of the jury beyond a reasonable doubt, the defendant could not be convicted was stated four times, being repeated in each of the eighth, tenth, sixteenth and twentieth instructions. And not only were the rules of law favorable to the defendant thus repeated and emphasized, but the court gave some instructions at his request more favorable to him than the law would warrant, as telling the jury that if the evidence, under any reasonable view of it, would sustain a reasonable doubt of defendant's guilt, the jury should acquit him, and that the jury might conscientiously believe him guilty and yet not be convinced to that degree of certainty which the law requires in order to warrant a conviction.

Besides these instructions which over and over declared the law in defendant's favor, just as his counsel had expressed it, the court gave only six other instructions. One of these merely recited the statute for an alleged violation of which defendant was on trial (§10118 Burns 1926, §9, Acts 1921 p. 821), another merely stated the substance of the charge in each count of the affidavit, and still another only told the jury that the defendant could be found guilty on either or both counts, if the evidence warranted it beyond a reasonable doubt, or might be acquitted, and suggested forms of verdicts, while another related only to the weight of the evidence and credibility of witnesses and suggested rules by which the jury might determine those matters. None of these are complained of. But the

third instruction, besides stating that a fact could be proved by circumstantial evidence, or by the direct evidence of eye witnesses, or both, and that circumstantial evidence should have its just and fair weight with the jury, but no more, and that if all the evidence, when taken as a whole and fairly and candidly weighed, "convinces the guarded judgment the jury should act on such conviction," also contained the statement that "circumstantial evidence is to be regarded by the jury in all cases," and concluded with an admonition "not to fancy situations or circumstances which do not appear from the evidence, but to make such just and reasonable inferences from the circumstances proved as the guarded judgment of a reasonable man or woman ordinarily would make under like circumstances."

Counsel complain of the charge that "circumstantial evidence is to be regarded by the jury in all cases," saying that it infringes upon the constitutional right of the jury to determine the law and the facts. But the jury was fully instructed as to its right to determine the law as well as the facts, and the Constitution does not preclude the court from telling a jury what is the law, so long as they are left free to determine it for themselves. It is the law that a jury should take into consideration all the evidence, circumstantial as well as direct, when deciding what are the facts and what is the law applicable thereto. And as applied to the case on trial it does not appear that the language objected to either meant, or could have been understood by the jury to mean any more than this. Whether it might be misleading as applied to other facts is a question not before us. Counsel suggest that the direction to draw only those inferences from the circumstances proved which the guarded judgment of a reasonable person ordinarily would make was not accurate. But in the connection in which it was

given it obviously was intended for defendant's benefit, and it does not appear that it could have harmed him in any way. And as counsel have not cited authorities nor otherwise offered the court assistance in determining that giving this instruction was cause for reversal, we hold that as applied to the facts of this case, it was not.

The remaining instruction, No. 5, contained a statement as follows: "Notwithstanding you have the legal right to disagree with the court as to what the 4. law is, still *you should weigh the instructions given to you by the court in this cause as you weigh the evidence,* and disregard neither without proper cause therefor." This did not correctly state the law. *Hubbard* v. *State* (1925), 196 Ind. 137, 147 N. E. 323.

But where the instructions which the jury were directed to "weigh" consisted of thirty paragraphs repeating and reiterating propositions of law favorable to the defendant, some of them in language more favorable to the defendant than the law would justify, with a few other paragraphs which were almost colorless, and certainly did not undertake to apply the law to any particular facts unfavorable to the defendant, he has no cause for complaint on account of a direction that the jury should "weigh the instructions." While incorrect, we do not think this instruction could have been harmful to the defendant, as applied to the instructions given by the court, and we therefore hold that giving it was not reversible error.

A witness for the defense testified that defendant and one Calvin Meyers came to him at his office in Chicago, on January 14, 1924, and that he drew a bill of 5. sale for a Ford sedan automobile at that time, which Meyers signed and acknowledged before him as a notary public; that the car was there and he

examined it for the purpose of getting a description of the engine number, but found that the place on the motor for a number was blank; that they then drove to a garage, and had the number "4344303" put on, which number defendant gave from a paper he had in his pocket; that the witness wrote that number into the bill of sale as part of the description, and Calvin Meyers signed his name to it and acknowledged the signature before this witness as a notary public; that defendant paid Meyers $250 for the car and was given the bill of sale and took charge of the car; and the witness identified an instrument of writing shown to him as being that bill of sale, which was marked "exhibit B." The exhibit was then offered in evidence by which the property conveyed was described as "one Ford Sedan Automobile H. P. 22 Engine 4344303, Model 1921." An objection was made for the reason that "the automobile therein described is a different automobile from those involved in this transaction, and it is self serving and does not tend to prove or disprove any issues in this case." The court, after calling attention to the fact that the automobiles previously testified about were 1920 and 1922 models, and being assured by counsel for the state that "1920 and 1922 are the two years involved in this," (a statement not disputed by defendant or his counsel), sustained the objection, saying, "That's the reason I sustain it, on the ground that it is 1921." No evidence had been introduced at that time and no attempt was thereafter made to introduce any evidence to the effect that the car defendant bought in Chicago, described in this bill of sale, on the engine block of which the number 4344303 was cut, was the same car as the one stolen in Wabash and afterward found in defendant's possession, except only as testimony that the number 4344303 was cut on the engine block of the one at Chicago and

appeared on the engine block of the other when defendant was found driving it a few days later might tend to raise such an inference. And considered in connection with the fact that defendant was shown to have caused the car bought in Chicago to be so numbered, and had another car in his possession the engine of which was also numbered 4344303, and that neither the stolen car nor such other car was a 1921 model, with the further fact that after the prosecuting attorney had offered an objection that the car described in the bill of sale was not identified as the one on which defendant was alleged to have altered the number, no effort was made to prove that it was the same car as the one stolen and afterward found in defendant's possession, we cannot say that the trial court erred in excluding the bill of sale from being read in evidence for the reason that it described a 1921 car, and not one of the year 1920 or 1922. Therefore, we need not consider the question whether the offered evidence was also incompetent for other reasons.

The judgment is affirmed.