## LEHR *v.* STATE OF INDIANA.

[No. 25,307. Filed June 17, 1927.]

1. CRIMINAL LAW.—*Instruction as to disregarding instructions as to the law held not error.*—In a criminal prosecution, an instruction to the effect that the jury was the judge of the law as well as the facts, and that it could disregard the law as given to it by the court, but that it should weigh the instructions as it weighed the evidence and should disregard neither without proper reason, was not erroneous.   p. 282.

2. CRIMINAL LAW.—*Alibi is a complete defense, and entitles the defendant to acquittal.*—In a criminal prosecution, an alibi is a complete defense, and if, on the whole evidence in the case, the jury entertains a reasonable doubt as to whether the defendant was at the place alleged in the indictment at the time the evidence shows the offense to have been committed, it is the duty of the jury to acquit. p. 283.

3. CRIMINAL LAW.—*Instruction as to considering evidence of alibi in determining guilt of defendant, held erroneous.*—In a criminal prosecution an instruction that if the jury had any doubt as to whether the defendant was at the place alleged in the indictment as the place of the commission of the crime at the time the evidence shows the crime to have been committed, it should take that fact into consideration in arriving at its verdict, was erroneous. p. 283.

4. CRIMINAL LAW.—*Refusal of instruction as to duty of jury to acquit if it had doubt as to defendant's presence when crime was committed held reversible error.*—In a criminal prosecution, the refusal to give an instruction to the effect that if the jury had a reasonable doubt whether the defendant was present at the place where the crime was alleged to have been committed at the time alleged, it should find him not guilty, was reversible error. p. 284.

From Marshall Circuit Court; *Selden J. Brown,* Special Judge.

Arthur Lehr was convicted of the sale of intoxicating liquor, and he appeals. *Reversed.*

*Martindale & Martindale,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *Harry L. Gause,* Deputy Attorney-General, for the State.

WILLOUGHBY, J.—The affidavit in this case charges "that on or about the 29th day of September, 1924, in and at the county of Marshall, State of Indiana, one Arthur Lehr, did then and there unlawfully sell to Albert Howard certain intoxicating liquor, to wit: whisky, for the sum of two dollars, and that heretofore on the 21st day of February, 1924, in the Marshall Circuit Court, the said Arthur Lehr, entered his plea of guilty to the charge of having unlawfully sold intoxicating liquor on the 19th day of October, 1923, and that this affidavit charges a second offense under §1 of Chap. 23, of the Acts of 1923."

The defendant, having been duly arrested on a bench warrant, appeared in court in person, waived arraignment and pleaded not guilty, and upon the issues thus formed, the cause was submitted to the jury for trial. A verdict of conviction was returned as follows: "We, the jury, find the defendant guilty as charged in the affidavit, and that this is his second offense, and that his true age is 34 years." Upon this verdict, judgment was rendered.

The appellant has appealed from this judgment and assigned as error that the court erred in overruling his motion for a new trial. Under this assignment of error, appellant contends that the court erred in the giving of its own motion instruction No. 5 and instruction No. 12 and also that the court erred in refusing to give instruction No. 2 tendered by appellant.

Instruction No. 5 given by the court of its own motion is as follows: "This being a criminal action you are the judges of the law as well as of the facts in the case. You may take the law as given to you by the court but if you see fit you have the legal and constitutional right to reject the same and construe it for yourselves. Notwithstanding you have the legal right to disagree with the court as to what the law is, still you should weigh the instructions given you in this case as you weigh the evidence, and disregard neither without proper reason." An instruction substantially the same as this was held not to be error. See *Chesterfield* v. *State* (1923), 194 Ind. 282, 297, 141 N. E. 632. See, also, *Hinshaw* v. *State* (1919), 188 Ind. 447, 461, 124 N. E. 458; Ewbank's Criminal Law §473. But see *Hubbard* v. *State* (1925), 196 Ind. 137, where it is held that such an instruction might be harmful error when given in connection with other instructions in regard to reconciling conflicts in the evidence. In the instant case this question is not presented. However, the use of the

word *weigh* instead of *consider* when speaking of the action of a jury upon instructions is subject to criticism.

Instruction No. 12 is upon the defense of alibi. It appears from the evidence given in the case on behalf of the state that the whisky alleged to have been sold to Alfred Howard by the defendant was sold between 4 o'clock and 4:30 o'clock in the evening of September 24, 1924, at the defendant's garage in the town of Bremen, Marshall county, Indiana. There was evidence introduced by the defendant to the effect that the defendant was not in or at said garage in Bremen, Marshall county, Indiana, at said time. That part of the instruction pointed out by appellant as erroneous is as follows: "If you find from the evidence that the defendant was not in or at said garage in Bremen, Marshall county, Indiana, at said time or should have a reasonable doubt after considering all of the evidence given in said cause, as to whether the defendant was in or at the garage at Bremen, Marshall county, Indiana, from four o'clock to four thirty o'clock on the afternoon of September 24, 1924, then you should take this fact into consideration in arriving at your verdict and if you should so find and this fact creates in the mind of any one of you a reasonable doubt as to the defendant's guilt then your verdict should be not guilty."

In a criminal case, an alibi is a complete defense and if, upon the whole evidence in the case, the jury entertains a reasonable doubt as to whether the defendant was at the time and place alleged in the indictment and proved by the evidence, then it is the duty of the jury to acquit. In order to sustain an alibi, it is not necessary that the jury should find as a fact that the defendant was not in the place of the commission of the crime at the time it was committed. By this instruction, the burden is cast upon the appellant to prove the fact or facts upon which he relies as an alibi.

The defendant in a criminal case is never required to establish any fact which would entitle him to an acquittal by any degree of evidence, but if, upon the whole evidence, the jury entertains a reasonable doubt of his guilt, it is the duty of the jury to acquit.

Defendant's instruction No. 2 tendered by him and refused by the court is as follows: "Evidence has been introduced tending to prove that the defendant was not at the place where the crime was committed at the time of its alleged commission. If, after considering all of the evidence given in this cause you have a reasonable doubt whether the defendant was present at the place where the alleged crime was alleged to have been committed at the time alleged, you should give the defendant the benefit of said doubt and find him not guilty." It was error for the court to refuse this instruction and it was also error for the court to give instruction No. 12, given by the court of its own motion. For error in giving instruction No. 12 on the court's own motion and refusing to give instruction No. 2, tendered by the appellant, the judgment must be reversed.

No other question is presented by the record in this case. Judgment reversed, with instructions to sustain appellant's motion for a new trial.