BURRIS *v*. STATE OF INDIANA

[No. 27,498.   Filed June 23, 1941.]

602

*Edwin C. Henning,* of Evansville, and *Willis Hickam,* of Spencer, for appellant.

*George N. Beamer,* Attorney General, and *George B. Davis,* Deputy Attorney General, for the State.

SHAKE, J.—The appellant was tried by a jury and convicted of operating a motor vehicle on a public highway of this state while under the influence of intoxicating liquor, in violation of § 47-2001, Burns' 1940 Replacement, § 11189-62, Baldwin's Supp. 1939. Two errors are assigned: (1) that the "appellant was deprived of his legal and substantial rights by not being taken immediately before a magistrate upon his arrest as by law provided," and (2) that the trial court erred in overruling the appellant's motion for a new trial.

The first assignment is based on § 47-2307, Burns' 1940 Replacement, § 11189-174, Baldwin's Supp. 1939, which provides that whenever any person is arrested upon a charge of driving a motor vehicle while under the influence of intoxicating liquor or narcotic drugs, he shall be immediately taken before a magistrate within the county in which the offense is alleged to have been committed and who has jurisdiction of such offense and is nearest or most accessible with reference to the place where said arrest is made. It does not appear from the record that the trial court was afforded any opportunity to redress the alleged wrong done the appellant, or that it was apprised of his claim that his rights were violated by the arresting or prosecuting officials. This is primarily a court of review, and the above assignment therefore presents nothing for our consideration.

The motion for a new trial charges numerous alleged errors. The court gave on its own motion instruction No. 19, as follows:

"You ladies and gentlemen, in this cause, are the judges of the law as well as of the facts. You can take the law as given and explained to you by the Court; but if you see fit, you have the legal and constitutional right to reject the same and construe and determine it for yourselves. Notwithstanding, you have the legal right to disagree with the Court as to what the law is, still you should weigh the instructions given you in this case as you weigh the evidence and disregard neither without proper reason."

By a statute of this state, the trial court is required to charge the jury in a criminal case as to "all matters of law which are necessary for their information in giving their verdict" (§ 9-1805, Burns' 1933, § 2285, Baldwin's 1934) ; but the Constitution of Indiana provides in Section 19 of Article 1 that: "In all criminal cases whatever, the jury shall have the right to determine the law and the facts." This constitutional mandate has never been construed as restricting the power of a trial court to declare the law to a jury, but it has been said in numerous cases that this ' must not be done in a manner calculated to bind the consciences of the jurors or restrict them in their right under the Constitution to determine the law for themselves.

The part of the above instruction objected to is the last sentence thereof, where the jurors were told that they should weigh the instructions as they weigh the evidence. An instruction substantially like the one before us was approved without discussion in *Blaker* v. *State* (1892), 130 Ind. 203, 29 N. E. 1077; and in *Chesterfield* v. *State* (1924), 194 Ind. 282, 141 N. E. 632, it was said that it was not error to give such a charge. However, in *Hubbard* v. *State* (1925), 196 Ind. 137, 147 N. E. 323, it was held that it was improper to give this instruction in connection with another to the effect that

it was the duty of the jury to reconcile all of the evidence so as to believe all of the testimony, if that could reasonably be done, and the Blaker case, *supra*, was disapproved. The instruction was again condemned in *Wolf* v. *State* (1926), 198 Ind. 261, 151 N. E. 731, but the giving of it was held to be harmless, in view of the fact that the instructions taken as a whole were more favorable to the defendant than he was entitled to have them; and in *Lehr* v. *State* (1927), 199 Ind. 280, 157 N. E. 98, the court cited the Hubbard case, *supra,* and held that no question was presented as to a like instruction, although the court said that the use of the word *weigh* instead of *consider* therein was subject to criticism. The last pronouncement on the subject is found in *Landreth* v. *State* (1930), 201 Ind. 691, 171 N. E. 192, 72 A. L. R. 891. This instruction was there branded as erroneous and harmful, but by a process of reasoning which we are unable to follow, the conclusion was reached that the judgment of conviction should be affirmed.

It has many times been said that this is a "government of laws and not of men," and it is not to be supposed that the framers of our Constitution intended by Section 19 of Article 1 to authorize 4. jurors to ignore the law or to decide criminal cases according to their personal whims. It is rather to be presumed that it was thought that inasmuch as jurors are drawn from the body of the people, the surest guaranty of obtaining general respect for and obedience to the law was to directly place upon them, as officers of the courts, the solemn responsibility of determining the law. Having themselves the right to determine the law, under proper instructions, it was no doubt thought that jurors would be less likely to suffer the guilty to

go unpunished than if they were obliged to accept the law from the presiding judge.

Instructions are not the subject of comparative evaluation. They either correctly state the law or they do not, although if they are erroneous it does not necessarily follow that they are harmful. The jury may properly weigh the evidence because it may be necessary to determine the facts from conflicting testimony; but there can be no conflict in instructions that correctly state the law applicable to a given case and, consequently, no occasion for weighing them. Constitutional liberties are more likely to be endangered by subtle and insidious encroachment than by bold and violent assaults, and in view of the positive command of our organic law that "in all criminal cases whatever, the jury shall have the right to determine the law and the facts," this court is not prepared to say that a charge in mandatory form that the jury shall weigh the instructions as they weigh the evidence may be regarded as harmless. For the giving of the court's instruction No. 19, the judgment must be reversed.

Since a new trial will be ordered, we shall note some of the other alleged errors that might recur. In its instruction No. 23 the court quoted the section of the statute upon which the affidavit was based, including the part relating to the punishment upon conviction of a second or subsequent violation. The appellant was not charged with a second or subsequent offense, and the part of the instruction relating to that subject was improper. *Campbell* v. *State* (1925), 197 Ind. 112, 149 N. E. 903; *Lindley* v. *State* (1927), 199 Ind. 18, 154 N. E. 867.

Witnesses for the state testified as to their observations of the appellant, including his appearance and

manner of conduct, and they expressed opinions, based upon the facts detailed by them, that he was under the influence of intoxicating liquor. This was in accordance with the accepted method of making such proof, but the prosecuting attorney pursued the inquiry further and asked these witnesses whether, in their opinions, the appellant was sufficiently under the influence of intoxicating liquor to make him an unsafe or dangerous driver or a hazard to the highway. This was improper, if for no other reason than that the matters inquired about were without the issues. It was sufficient, for the purposes of the state, to show that the appellant was under the influence of intoxicating liquor while operating a motor vehicle on a public highway.

The other alleged errors are not likely to recur.

Judgment reversed, with instructions to sustain the motion for a new trial.

NOTE.—Reported in 34 N. E. (2d) 928.