STEINBARGER ALIAS STEINBERGER *v*. STATE OF INDIANA.

[No. 28,470. Filed December 6, 1948.]

*Thomas H. Branaman,* of Brownstown, attorney for appellant.

*Cleon H. Foust,* Attorney General, *Frank E. Coughlin,* First Deputy Attorney General and *Merl M. Wall,* Deputy Attorney General, all of Indianapolis, attorneys for appellee.

GILKISON, J.—In the trial court appellant was charged by affidavit with the crime of possession of burglary tools with intent to commit burglary, under § 10-703, Burns' 1942 Replacement. He was further charged with being an habitual criminal under § 9-2207, Burns' 1942 Replacement.

The cause was put at issue by a plea of not guilty. A trial by jury resulted in a verdict reading as follows:

"We, the jury, find the defendant, Clyde Steinbarger guilty of the crime alleged in the affidavit, viz: Burglary-Possession of tools by convict and that he has been previously twice convicted, sentenced and imprisoned in some penal institution for felonies, and that his true age is — years."

After verdict and before judgment was rendered defendant filed his motion for discharge for the reason that "the verdict of the jury does not find the defendant guilty of any criminal offense alleged in the affidavit herein." The motion was followed with a memorandum. It was overruled.

A motion for new trial timely filed was overruled.

Defendant then filed a motion objecting to the rendition of any judgment of conviction on the verdict with memorandum. It was overruled. Judgment was then rendered as follows:

"It is considered and adjudged by the court that the defendant be, and he hereby is, sentenced to imprisonment in the Indiana State Prison for the term of not less than 2 nor more than 14 years for the offense of possession of burglary tools with the intent to commit the crime of burglary, he having been previously convicted of a felony;

"It is further considered and adjudged by the court that the defendant be, and he is, hereby sentenced to imprisonment in the Indiana State Prison for and during life as an habitual criminal."

Defendant then filed a motion to modify the judgment by striking therefrom that part sentencing him to the State Prison for life as an habitual criminal, with memoranda and authorities. It was overruled.

By his motion for new trial and his assignment of errors appellant presents alleged errors as follows:

(1) Giving court's instruction No. 9 to the jury, as follows:

"The crime of possession of burglary tools by a person previously convicted of a felony, is defined by statute as follows:

" 'If any person previously convicted of a felony be found having in his possession any burglar tools or implements with intent to commit the crime of burglary, such person shall be deemed guilty of a felony, and on conviction thereof shall be imprisoned not less than two (2) years nor more than fourteen (14) years, and the possession of such tools or implements shall be prima facie evidence of the intent to commit burglary.' "

(2) Giving State's tendered instruction No. 4, as follows:

"Any fact necessary to be proved in this case may be proven by direct evidence of eye witnesses or by circumstantial evidence, or by both circumstantial evidence and direct evidence of eye witnesses. Circumstantial evidence is to be regarded by the jury in all cases. When it is strong and satisfactory the jury should so consider it, neither enlarging or belittling its force. It should have its just and fair weight with the jury and if when it is all taken as a whole and fairly and candidly weighed it convinces the guarded judgment, the jury should act upon such conviction. You are not to fancy situations or circumstances which do not appear in evidence, but you are to make such just and reasonable inferences as the guarded judgment of a reasonable man ordinarily would make under like circumstances."

(3) In overruling appellant's motion for discharge.

(4) In overruling appellant's motion to modify the judgment.

(5) That the verdict is contrary to law.

We shall consider the alleged errors in the order stated.

(1) With respect to that part of the court's instruction 9, as follows: ". . . and the possession of such tools or implements shall be prima facie evidence of the intent to commit a burglary."

§ 19 Art. 1 of the Indiana Constitution provides:

"In all criminal cases whatever, the jury shall have the right to determine the law and the facts."

Under this constitutional provision the jury is the sole judge of both the law and the facts in the case. The courts may not usurp or infringe this fundamental right. The right may not be modified or minimized by instructions or otherwise. *Schuster* v. *State* (1912), 178 Ind. 320, 323, 99 N. E. 422. *Hubbard* v. *State* (1925), 196 Ind. 137, 143, 147 N. E. 323. *Landreth* v. *State* (1930), 201 Ind. 691, 698, 171 N. E. 192. *Wolf* v. *State* (1926), 198 Ind. 261 267, 151 N. E. 731. *Vaughn* v. *State* (1939), 215 Ind. 142, 148, 19 N. E. 2d 239. *Burris* v. *State* (1941), 218 Ind. 601, 34 N. E. 2d 928. 2 Gavit *Ind. Plead. & Prac.* § 395, p. 2253.

It follows naturally and necessarily that the legislature may not infringe this fundamental right of the jury in criminal cases. Art. 1 § 19 supra is an effective and absolute barrier to an attempted infringement. The quoted part of the court's instruction No. 9 is an invasion of the province of the jury. It was reversible error to give this instruction. *Jacobs* v. *State* (1936), 210 Ind. 107, 109, 1 N. E. 2d

452. *Walter* v. *State* (1935), 208 Ind. 231, 237 *et seq.*, 195 N. E. 268. *Gillian* v. *State* (1935), 207 Ind. 661, 670, 194 N. E. 360. *Dedrick* v. *State* (1936), 210 Ind. 259, 278, 2 N. E. 2d 409. *Powers* v. *State* (1933), 204 Ind. 472, 477, 184 N. E. 549. See also *The Union Mutual Life Insurance Company* v. *Buchanan* (1884), 100 Ind. 63, 73. *Muncie Pulp Co.* v. *Kessling* (1906), 166 Ind. 479, 489, 76 N. E. 1002 and cases cited. *McCague* v. *New York C. & St. L. R. Co.* (1947), 225 Ind. 92, 71 N. E. 2d 569, 578.

(2) By state's tendered instruction No. 4, with respect to circumstantial evidence, the jury was told:

■ "It should have its just and fair weight with the jury *and if when it is all taken as a whole and fairly and candidly weighed it convinces the guarded judgment, the jury should act upon such conviction. You are not to fancy situations or circumstances which do not appear in the evidence, but you are to make such just and reasonable inferences as the guarded judgment of a reasonable man ordinarily would make under like circumstances.*" (Our italics).

An instruction similar to this was allowed, in *Wolf* v. *State, supra,* on the theory that: ". . . it obviously was intended for defendant's benefit, and it does not appear that it could have harmed him in any way," and that counsel cited no authorities or otherwise offered the court assistance in determining that the giving of the instruction was cause for reversal. The value of these reasons for allowing the instruction we leave for the careful consideration of lawyers and jurists. We are unable to understand the meaning of the expression "guarded judgment," since it is probable that every judgment is reasonably guarded within the capacity of the person making it. There is no reason for assuming that the use of the word "guarded"

raises the judgment to be exercised in the least from what it would have been if this adjective had not been used. But the instruction goes further in explanation and says: "but you are to make such just and reasonable inferences as the guarded judgment of a reasonable man ordinarily would make under like circumstances." By this instruction the law of reasonable doubt (Burns' 1942 Replacement, § 9-1806) is materially modified and to some extent supplanted by another rule that is somewhat similar to the law applicable in determining the question of negligence in a tort action. This is error. The jury in a criminal case may not act upon evidence that convinces "the guarded judgment"; nor may it be told by an instruction to make such inferences as the guarded judgment of a reasonable man, ordinarily would make under like circumstances. On the contrary, to convict the evidence must be such as to convince the jury of defendant's guilt beyond a reasonable doubt. The giving of this mandatory instruction is reversible error. To the extent *Wolf* v. *State, supra,* holds to the contrary it is overruled.

By this instruction the jury was also told "you are not to fancy situations or circumstances which do not appear in the evidence." Concerning such an instruction an able author says: "An instruction as to the law should be positive in form and not in terms of what is not the law." (2 Gavit, *Ind. Plead. & Prac.* § 395, p. 2253, 2255). The author bases this statement on *Swallow Coach Lines, Inc.* v. *Cosgrove* (1938), 214 Ind. 532, 541, 15 N. E. 2d 92 in which this court used the terse expression: "We do not know of any rule of law requiring the court to instruct a jury as to what is not the law of this state."

This court has frequently held that the error in

giving an erroneous instruction is not corrected by giving a correct one unless the erroneous one is withdrawn. *Brannin* v. *State* (1942), 221 Ind. 123, 125, 46 N. E. 2d 599. *Flick* v. *State* (1935), 207 Ind. 473, 477, 193 N. E. 603, 605.

(3) The motion for discharge may be treated as a motion in arrest of judgment. Whether the statute involved, classifying those who have been "previously convicted of a felony" for special criminal legislation after they have fully atoned, has a tendency to violate Art. 1, § 9, Cl. 3, U. S. Constitution, also Art. 1, § 30, Indiana Constitution, is an interesting question not presented by appellant.

The verdict is not perfect in form, but by it the defendant is found "guilty of the crime alleged in the affidavit." That part of the verdict is correct. The part immediately following: "Viz: Burglary-Possession of tools by convict" is meaningless and we think may properly be considered as surplusage. *Moore* v. *State* (1947), 225 Ind. 357, 75 N. E. 2d 193. The remainder of the verdict is a proper finding under the habitual criminal statute. Appellant's motion for discharge was properly overruled.

(4) For the same reason his motion to modify the judgment was properly overruled.

(5) Criminal intent is an essential element of the crime charged in the affidavit against appellant. We have carefully examined the statement of the evidence and stipulations as contained in appellant's brief. We note that concerning this statement the State in its brief says: "the appellant has set forth a very fair and clear statement of the evidence which is also accepted by the appellee for the purpose of this appeal." We have also read the evidence contained in the bill of exceptions. In an oral

argument the assistant attorney general, with commendable frankness, said he found nothing in the evidence anywhere to support the verdict that the defendant had any intention to commit the crime of burglary. With this conclusion we agree. Appellant was found sitting in an automobile properly parked on a street in the city of Seymour. The owner and driver of the car was at the wheel. City policemen looking for a "peeping Tom" looked in the car, observed some tools in it, took the two men into custody. In the car was found wire tape, work gloves, two pinch bars, bolt cutter, two cold chisels, drift-punch, machinist's hammer, ball peen hammer, wood chisel, wire cutter, key-hole saw, a case knife, tailor's shears, flash light, screw-driver, pliers and a tarpaulin. There is nothing in the evidence indicating that appellant was in possession of or had anything to do with these articles or that he even knew they were in the car. The sole evidence on that point is that he did not know they were in the car. The owner and driver of the car testified that all the articles belonged to him. He had been working for an Indianapolis Laundry, working on vacuum pumps, steam engines, air pumps and boilers, furnishing his own tools. He had previously been engaged in a general repair shop and owned the tools used in that business. He gave a satisfactory explanation why the tools were in the car, which was in no way contradicted. There is no evidence whatever that appellant had any intention to commit a burglary. This absence of evidence of criminal intent cannot be supplied or excused by the last co-ordinate sentence in the statute defining the offence under which the charge is drawn. The verdict is therefore contrary to law. *Price* v. *State* (1933), 204 Ind. 316, 318, 184 N. E. 181. *Amstutz* v. *State* (1936), 210 Ind. 246, 252, 2 N. E. 2d

397. *Chapman* v. *State* (1901), 157 Ind. 300, 302, 61 N. E. 670.

For the errors appearing in the record as noted herein, the judgment of the lower court is reversed with instructions to sustain the motion for new trial.

Emmert, J. concurring in the result.

NOTE.—Reported in 82 N. E. 2d 519.